No. 44.—GEORGE W. HOWELL, plaintiff in error, *vs.* JOHN S. BURNETT, defendant in error.

[1.] Where the maker of a promissory note was a non-resident at the time of its execution, but returned to the State *after its maturity*, so that he could have been sued thereon : *Held*, that the Statute of Limitations commenced to run against the holder of the note, from the time of the return of the maker thereof into this State after it became due, so that a suit could have been instituted against him thereon.

Action on note, in Floyd Superior Court. Tried before Judge LUMPKIN, February Term, 1852.

George W. Howell brought his action against John S. Burnett, on a promissory note. On the trial of which, at February Term, 1852, defendant tendered in evidence, under a plea of set-off, a note made by the plaintiff, to S. E. Burnett or bearer, dated August 26th, 1842. To the introduction of this note, plaintiff objected, on the ground that it was barred by the Statute of Limitations.

To meet this objection, defendant introduced as a witness, S. E. Burnett, the original payee, who proved that the note was given in Summerville, Ga.; that plaintiff was then, and has been ever since, a resident of Cherokee County, Alabama; and

that he, witness, knew he resided in Alabama when he took the note. The witness further stated, that he held the note about three years, during which time plaintiff was in Georgia, and at witness' house once or twice every year, so that he might have sued on the note, had he desired to do so.

In 1845, witness sold the note to defendant, who about the same time, also removed into Alabama.

On this testimony, the Court decided that the note was not barred, and allowed the same to be introduced as a set-off.

To which decision plaintiff excepted, and brings up the same for review.

TRAMMELL, for plaintiff in error.

UNDERWOOD, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The only question made by the record in this case, is whether the note offered in evidence, by the defendant, as a set-off, is barred by the Statute of Limitations.

Without expressing any opinion whether non-residents, at the time of the execution of the note, are within the exceptions mentioned in the Statute of Limitations, we are quite clear in our judgment, that this note is barred by the Statute, according to the facts stated in the record.

The plaintiff, who was the maker of the note offered as a set-off, resides in the State of Alabama.   The defendant became the holder of the note in April, 1845.   While the note was in the hands of the original payee, and *after it became due,* the plaintiff returned to this State the same year, and had returned to this State once or twice every year since, a day or two at a time, so that the original payee and holder of the note, could have sued the plaintiff, had he desired to have done so.

The record discloses the fact of the *return* of the maker of the note, into this State the same year *after it became due,* and that the holder of the note could have sued him, had he desired to have

done so.   The Statute commenced to run from the time of the return of the maker of the note into this State, *after its maturity*, so that he could have been sued *upon it.*   *Fowler vs. Hunt*, 10 *Johns, Rep.* 464.   *Farr vs. Roberdeau's executor, Cranch's R.* 194.
, Let the judgment of the Court below be reversed.