C. C. MOORE, plaintiff in error, *vs.* JAMES M. CARROLL, defendant in error.

Where a note was made by a non-resident without the limits of this state, and such maker subsequently removed here, such period of non-residence will not be excluded in computing the time necessary to bar a suit upon such instrument.

Statute of limitations.   Promissory notes.   Before Judge KNIGHT.   Towns Superior Court.   November Term, 1874.

This case is reported in the decision.

W. T. CRANE, by C. D. PHILLIPS, for plaintiff in error.

KINSEY & BLACKWELL ; C. H. SUTTON; THOMAS F. GREER, for defendant.

WARNER, Chief Justice.

Moore sued Carroll in a justice court on a promissory note for $50 00, dated 21st July, 1860, and due one day after date. The defendant pleaded the statute of limitations, which the justice overruled, and gave judgment for the plaintiff. The defendant sued out a writ of *certiorari* to the superior court, and on the hearing thereof the court sustained the *certiorari*, and decided that the note was barred by the statute of limitations ; whereupon the defendant in *certiorari* excepted. It appears from the record that the note was made in the state of California, and the defendant returned to this state and was sued here.   This was not a case in which the note was made *in* this state, and the maker thereof afterwards removed *from* the state, so as to bring him within the provisions of the 2929th section of the Code, which declares that if the defendant shall remove *from* the state, the time of his absence from the state and until his return to reside, shall not be counted or estimated in his favor.   There was no error in holding that the plaintiff's action was barred by the statute of limitations.   The maker of the note, and the payee thereof, were both citizens of California when the note was given, and the maker of the note has not removed from this state since the making thereof, so as to bring him within the provision of the Code before cited, and prevent the statute from running in his favor :  *Bishop vs. Sanford,* 15 *Georgia Reports,* 1 ; *Pare vs. Mahone,* 32 *Ibid.,* 253.

Let the judgment of the court below be affirmed.