## J. FRANK CALDWELL *et al.*

*v.*

## ADOLPH E. LAWRENCE.

1. PARTIES—*in suit on promissory note—equitable ownership.* In a suit by the indorsee of a promissory note, a plea that the plaintiff had, for a valuable consideration, redelivered the note to the payee, is bad on demurrer, unless it shows defendant has some defense to the note

2. A suit on a promissory note is properly brought in the name of the person in whom the legal title to the note is vested, and it is a matter of no consequence, so far as defendant is concerned, who may be the equitable owner of the note, if he has no defense to it.

3. PLEADING—*declaration on assigned note.* In a suit upon a promissory note by an assignee, it is not necessary to allege that the indorsement was made upon any particular day, even though the indorsement was in fact dated.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. MARSHALL & STERRETT, for the appellants.

Messrs. STEWART & PHELPS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

All the objections taken to the judgment in this case are purely technical, and in no manner affect the merits of the cause. The action is upon a promissory note, payable to one D. K. Kness, and was by him indorsed and delivered to plaintiff. Both defendants pleaded the general issue, but one of them pleaded, specially, that plaintiff, for a valuable consideration, had delivered the note back to the payee, and thereby had parted with all his right and interest in the note, and that the right of action had revived in the payee. A demurrer was sustained to this plea, and, we think, very properly. The legal title to the note was still in plaintiff, and the facts averred simply showed the payee was equitably entitled to the proceeds; but that is a question with which defendant need not

11—84TH ILL.

concern himself. It is not alleged he had any defense to the note as against the payee, and in whom were the equities is a matter of no consequence. Had the plea set forth facts which constituted a defense to the note, either in whole or in part, a very different question would have been presented. The legal title of the note remaining in plaintiff, the fact the payee may have been the equitable owner, constitutes no sort of defense to the action. The suit was rightfully brought in the name of the party in whom was the legal title to the indebtedness, and it can make no difference to defendant who may have been the equitable owner of the note, if he had no defense on the merits.

There was no variance on either ground suggested. The averment the note was indorsed by the payee to plaintiff is general, and it is not material the indorsement was, in fact, dated. It was not necessary it should be alleged the indorsement was upon any particular day, and the averment in that regard is full enough. With regard to the averment as to the rate of interest, the declaration is in the precise language of the note, and there is no variance.

Evidence tendered, the note had been redelivered to the payee, was properly rejected. No defense was pleaded, nor was any offer made, on the trial, to prove any under the general issue. As we have seen, the evidence offered was upon a wholly immaterial issue.

The judgment will be affirmed.

*Judgment affirmed.*