Roberts v. Snow.

B. F. ROBERTS V. B. L. SNOW.

| 27 | 425 |
| 53 | 76 |
| 55 | 463 |

[FILED OCTOBER 3, 1889.]

1. **Negotiable Instruments**: DATE OF PAYMENT OMITTED. An instrument in writing in the following form, to-wit:

"MARSHALLTOWN, IOWA, July 16, 1877.

"For value received I hereby promise to pay to Peter Housel, or order, four hundred dollars, with 10 per cent interest per annum, payable semi-annually in advance, and on default of prompt payment of the interest for thirty days after it is due, then this note, principal and interest, shall be due and collectible without defalcation or discount, together with an attorney fee of 10 per cent for collection."

*Held*, To be a negotiable promissory note, payable on demand.

2. ——: INDORSEMENT FOR COLLECTION: SUIT BY INDORSEE. An indorsee of such a promissory note, where the indorsement was not made for value, nor in the due course of trade, but for the purpose of collection, can maintain an action in his own name for the collection of the note, but in such case the suit would be subject to any defenses the maker may have had as against the indorser of the plaintiff, such defenses not having been cut off by the indorsement.

ERROR to the district court for Holt county. Tried below before KINKAID, J.

*Utley & Benedict*, for plaintiff in error, cited: Code, secs. 30, 45; *Rogers v. Hotel Co.*, 4 Neb., 54; *Mills v. Murry*, 1 Id., 327; *McWilliams v. Bridges*, 7 Id., 419; Pomeroy, Remedies, etc., 124–8, 135; *Allen v. Miller*, 11

O. S., 374; *Smith v. R. Co.*, 23 Wis., 267; 1 Randolph, Commercial Paper, secs. 111, 114; *Maupin v. McCormick*, 2 Bush [Ky.], 206; *Sea v. Glover*, 1 Bradw. [Ill. App.], 335; *People v. Bagnell*, 31 Cal., 409; *Gehr v. Hagerman*, 26 Ill., 438; *Coleman v. Roberts*, 1 Houck [Mo.], 97; *Hickey v. Ryan*, 15 Mo., 63; *Russ v. Steamboat*, 9 Iowa, 375; *Farquhar v. Dallas*, 20 Tex., 200; *Doe v. Thomason*, 11 B. Mon. [Ky.], 235.

*M. F. Harrington*, for defendant in error.

REESE, CH. J.

This action was instituted in the district court of Holt county, upon a written instrument of which the following is a copy:

"MARSHALLTOWN, IOWA, July 16, 1877.

" For value received I hereby promise to pay to Peter Housel, or order, four hundred dollars ($400), with ten per cent interest per annum, payable semi-annually in advance, and on default of prompt payment of the interest for thirty days after it is due, then this note, principal and interest, shall be due and collectible without defalcation or discount, together with an attorney fee of ten per cent for collection.          [Signed]          B. L. SNOW.

"Attest: C. C. HOUSEL."

Upon the back of the instrument are the following indorsements:

"Interest to Jan'y 16, 1878............................$20
    "      "   July 16, 1878.............................. 20
    "      "   Jan'y 16, 1879............................. 20
    "      "   July 16, 1880............................. 20
    "      "   Jan'y 16, 1881............................. 20
    "      "   July 16, 1881............................. 20
    "      "   Jan'y 16, 1882............................. 20
    "      "   July 16, 1882............................. 20

"Interest to  Jan'y 16, 1883.............................$20
"        "    Dec. 17, 1883............................... 40
"        "    July 1, 1883................................. 20

" Pay to the order of C. C. Housel.

" PETER HOUSEL.

" By C. C. HOUSEL, *Executor of the Estate of Peter Housel, deceased.*

" Pay to the order of B. F. Roberts.

" C. C. HOUSEL."

Two defenses were pleaded in the answer, the second of which was as follows:

" This defendant further avers that this instrument is a mere chose in action and not a promissory note, as alleged by the plaintiff, and that B. F. Roberts, plaintiff herein, is not the owner of said chose in action and is not the real party in interest in this action.

" That said Roberts holds said chose in action for collection merely,  *  *  *  *  and defendant is not indebted to him on said instrument."

The reply was, in effect, a general denial. A jury trial was had which resulted in a verdict as follows:

" We, the jury in this case, being duly empaneled and sworn to well and truly try the issues in the above entitled case, do find for the plaintiff.

E. W. GOODRICH, *Foreman.*"

The following special findings were also returned by the jury:

" 1. Q. Who do you find from the evidence to be the real party in interest in this action?

" C. C. Housel.        E. W. GOODRICH, *Foreman.*"

" 2. Q. What, if any, amount do you find from the evidence to be due and unpaid upon the instrument in suit?

" We, the jurors, find a verdict for plaintiff in the sum of $400, and interest on the same to date. ·

" E. W. GOODRICH, *Foreman.*"

On request of defendant the following special findings were submitted, and answers returned thereto :

"1. Who is the owner of the instrument sued upon in this case?

"C. C. Housel.        E. W. GOODRICH, *Foreman.*"

" 2. Has plaintiff B. F. Roberts ever become the owner of the instrument sued upon herein by purchase or otherwise?

" No.        E. W. GOODRICH, *Foreman.*"

" 3: Has plaintiff B. F. Roberts any interest in the instrument sued upon in this action other than as an attorney for C. C. Housel ?

" No.        E. W. GOODRICH, *Foreman.*"

A motion for a new trial was then filed by plaintiff and thereafter, as shown by the transcript, the cause was heard upon the motion of plaintiff to be allowed to substitute the name of C. C. Housel for that of plaintiff B. F. Roberts, which motion the court overruled.

From the transcript it appears that the case was then heard upon the motion of defendant for judgment in his favor upon the verdict, although no such motion appears in the record before us. This motion was sustained and judgment rendered in favor of defendant. We quote from the transcript as follows:

" Thereupon this cause came on for hearing upon a motion of plaintiff for new trial of the cause and for leave to substitute the name of C. C. Housel for that of B. F. Roberts, and the court, after hearing the argument of counsel and being fully advised in the premises, overruled said motion; to which ruling plaintiff excepts. And the court does find if at law this court had jurisdiction after trial begun to allow substitution of C. C. Housel for plaintiff Roberts the court finds as fact that the substitution should have been made."

The cause is presented to this court by plaintiff by proceeding in error, presenting a large number of assignments, but it is not deemed necessary to examine all.　It appears that the question underlying the whole controversy in this case is as to the character of the instrument on which the suit was founded.　It is insisted by plaintiff in error that the writing is a negotiable promissory note, and is entitled to be treated as such, with all the incidents which attach to negotiable paper.　While upon the other hand it is contended by defendant in error that it is not a negotiable instrument, and that therefore the action by plaintiff in error could not be maintained, he not being the actual owner thereof by assignment.　This contention is based upon the fact that the instrument does not fix a time certain within which the money must be paid.　It is our opinion that the instrument in question falls clearly within the definition of commercial paper, and that it was payable on demand, at any time after its execution, and should have been treated by the district court as a promissory note payable upon demand.　In 1 Randolph on Commercial Paper, sec. 119, it is said: "If no time of payment is expressed, which is usually the case in checks, and frequently so in promissory notes and drafts, the instrument is, by intendment of law, payable on demand, and is as valid and negotiable as though the time of payment were fully expressed;" citing a large number of authorities, among which are *Jones v. Brown*, 11 O. S., 601; *Holmes v. West*, 17 Cal., 623; *Porter v. Porter*, 51 Me., 376; *Keyes v. Fenstermaker*, 24 Cal., 329; *Bank v. Price*, 52 Ia., 570; *Libby v. Mikelborg*, 28 Minn., 38.

The rule seems to be that in cases of this kind the legal intendment, that the notes are payable upon demand, cannot be changed by parol proof any more than could the express terms of a written instrument be changed.　See *Thompson v. Ketcham*, 8 Johns., 192; *Keohring v. Muemminghoff*, 61 Mo., 403; *Self v. King*, 28 Texas, 552.

But it may be contended that it is shown upon the face of the note itself that such was not the intention of the parties at the time of its execution, for it is provided that the interest shall be payable semi-annually, and that the note shall become due and collectible on the expiration of thirty days after default of the payment of the interest; but this would make no difference as far as the note was concerned. As held in *Jones v. Brown, supra,* the fact that the parties provided for the payment of the interest in case the note should not be paid immediately, would not change the legal effect of the contract. Upon this subject see *Loring v. Gurney,* 5 Pick., 15; *Meador v. Bank,* 56 Ga., 605; *Holmes v. West,* 17 Cal., 623.

Aside from what would seem a rather inflexible rule of law, as applied to instruments of the kind under consideration, a careful examination of the note in question satisfies us that no other construction can be given to its language.

There is nothing upon the face of the instrument itself, nor pleaded by the answer, nor submitted in the evidence of the case, which shows that any relation existed between the parties to the instrument by which it could be presumed or supposed that it was their purpose that the note should never mature. If it cannot be treated as a promissory note payable upon demand, then the only event which could occur by which the note could be made to mature, according to its own language, would be a default of thirty days in the payment of the semi-annual interest; and if such default should never be made, the note would never mature, and therefore could never be collected except by the voluntary payment of the maker. This, evidently, was not the intention of the parties to the instrument.

The action having been founded upon a negotiable promissory note, the indorsement made by C. C. Housel to the plaintiff would be sufficient to authorize him to maintain the action in his own name for the amount due upon the note, but subject to any defenses which defendant in error

might have had, had the suit been instituted in the name of his indorser, C. C. Housel, or of the payee, Peter Housel.

In Daniel on Negotiable Instruments, sec. 1191 *et seq.*, it is said that an action on a note may be brought in the name of the indorsee holding the note; he having thereby the legal title, it can make no difference to the defendant who is the equitable owner of such note. See also *Caldwell v. Lawrence,,* 84 Ill., 161; *Demuth v. Cutler,* 50 Me., 298; *Patten v. Moses,* 49 Id., 255; *Craig v. Twomey,* 14 Gray, 486; *Palmer v. Bank,* 78 Ill., 380; *Scionneaux v. Waguespack,* 32 La. Ann., 283; *Klein v. Buckner,* 30 Id., 680; *Lovell v. Evertson,* 11 Johns., 52; *Wells v. Schoonover,* 9 Hiesk., 805; *King v. Fleece,* 7 Id., 273; *Boyd v. Corbitt,* 37 Mich., 52; *White v. Stanley,* 29 O. S., 423. In *Bank v. Hollister,* 21 Minn., 385, in which the note was indorsed "for collection," it was held that the provisions of the Code requiring the action to be brought in the name of the real party in interest would prevent the maintenance of the action by the indorsee. But in this case the indorsement is not conditional, and therefore the legal title was vested in the indorsee.

The judgment of the district court is reversed and the cause remanded with directions to that court to reinstate the cause and permit the defendant in error to amend his answer without costs if he so elect, and for further proceeding in accordance with law.

JUDGMENT ACCORDINGLY.

THE other Judges concur.