## SPENCER A. BROWN ET AL.
## v.
## JOSEPH A. GRIFFIN.

*Negotiable Instruments—Bills of Exchange—Evidence—Parties—Practice.*

1.   A bank being entitled to collect a bill of exchange drawn to its order and duly accepted by persons named, its indorsee for collection may sue in his own name.
2.   In the case presented, this court holds, in view of the evidence, that the draft "adduced" by the plaintiff, and not shown by the bill of exceptions, was the bill of exchange described in the declaration, and that it was read to the jury.

[Opinion filed May 5, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. SMITH, HELMER & MOULTON, for appellants.

Messrs. CAMPBELL & CUSTER, for appellee.

GARY, J.   The appellee sued the appellants in assumpsit, declaring upon a bill of exchange drawn by Foss, Strong & Co., to the order of the Continental National Bank, accepted by the appellants and indorsed by the bank to the appellee.

The bill of exceptions shows that the appellee offered "the draft" in evidence; that the appellants objected and excepted to the overruling of the objection; and a witness proved a computation of the amount due upon it.   A witness for the appellants testified that "this draft" was indorsed to the appellee only for collection; and on cross-examination the same witness testified that the bank discounted it before maturity.

On these facts the right of the appellee to recover would seem clear enough, for if the bank was entitled to collect, its indorsee for collection can sue in his own name.   Caldwell v. Lawrence, 84 Ill. 161; Gage v. Kendall, 16 Wend. 639.

Indeed, the appellants make no question upon this point. But they say their bill of exceptions does not show that the bill was put in evidence.   The bill of exceptions does not show that it contains all the evidence put in on the trial, but the words are "all the evidence adduced."

The synonyms of "adduced" as given by Webster, are : offer, present, allege, advance, cite, name, mention, quote.

As the bill of exceptions shows that the appellee did "offer in evidence the draft," and as the bill of exceptions " is to be esteemed as a pleading of the party alleging the exception," and " to be construed most strongly against" him (Rogers v. Hall, 3 Scam. 5), and as in the absence of anything showing to the contrary, the action of the trial court is presumed to have been correct, it will be presumed that the draft "adduced " by the appellee, and not shown by the bill of exceptions, was the bill of exchange described in the declaration, and that it was read to the jury.   Protection L. Ins. Co. v. Palmer, 81 Ill. 88 ; Garrity v. Hamburger Co., 27 N. E. Rep. 11.

The alleged error in the refusal of the court below to instruct the jury upon the hypothesis that Foss, Strong & Co. might be the owners of the draft, and that as between them

and the appellants there might not have been any consider-
ation, of neither branch of which hypothesis was there a
scintilla of .evidence, may be dismissed from our consideration.

In justice this judgment ought to be affirmed with dam-
ages under Sec. 23, Chap. 33, R. S., title, Costs.

Such damages have not been asked for, and the judgment
is affirmed.

*Judgment affirmed.*