### WEIL, for use, *v.* CARSWELL.

1. The innocent holder of negotiable paper may transfer the same for value to one with notice of a defense, but the transferee will take the same free from the equity.

2. Where in consideration of her husband's indebtedness a wife gives her note to a firm, who transfers the same before due to an innocent purchaser as collateral security for the firm's debt, and on dissolution one of the members of the firm assumes such debt, and, on the discharge thereof, regains the wife's note, he does not stand in the shoes of the innocent purchaser, and is not protected against the wife's defense.

3. The witnesses were competent, there being no testimony as to transactions with a deceased partner.

4. The evidence was conflicting, but sufficient to sustain the verdict for the plaintiff.

Submitted March 14,— Decided March 30, 1904.

Complaint on note.    Before Judge Evans.    Screven superior court.    January 15, 1903.

On June 22, 1893, Mrs. Carswell gave her note to Blitch & Newton or bearer, due October 15 after date.    She claimed that it represented a debt of her husband.    On this issue the evidence was in direct conflict.    Before the note became due it was transferred by Blitch & Newton to John Flannery & Company, with other security, as collateral for a debt due them by Blitch & Newton.    The firm of Blitch & Newton was dissolved, under an arrangement by which Blitch assumed the debt to Flannery & Company.    He satisfied this indebtedness by giving his individual note for $10,600, with Weil as indorsor thereon.    At the request of Blitch all of the collateral held by Flannery & Company was delivered to Weil to secure his indorsement, in 1895, after the maturity of Mrs. Carswell's note.    Subsequently Weil brought suit against her.    She pleaded that the debt represented by the note was that of her husband, and that Weil was a purchaser after maturity.    Before the case came on for trial Blitch satisfied his indebtedness to Weil, and thereby came into possession of the note sued on; whereupon Mrs. Carswell amended her plea, setting up that Weil was not the owner of the note, but that it belonged to Blitch, one of the original payees, who stood in the position of the firm of Blitch & Newton.    She again insisted upon her defense that the note was void because given for her husband's debt.    The case was tried on that issue, and a verdict found for the defendant.    In addition to the general grounds, the motion for a new trial assigns as error, (1) that the court allowed the defendant and her husband to testify, it appearing that D. J. Newton, one of the original payees, was dead; (2) that the court erred in allowing the pleas of defendant, it not appearing that Flannery & Company took the same after the note was due; and (3) that the court erred in holding that Blitch did not occupy the same position of innocent holder for value as that occupied by Flannery & Company and Weil, former holders.

*J. A. Brannen,* for plaintiff.

*J. W. Overstreet* and *White & Boykin,* for defendant.

LAMAR, J.    Flannery & Company, being bona fide purchasers for value before the note was due, could have transferred a good

title to one with notice. Civil Code, § 3938; *Hogan* v. *Moore*, 48 *Ga.* 156. But under the evidence Weil was not a purchaser from them, but rather from Blitch, who had assumed and was occupying the position of Blitch & Newton. The transfer being by him to Weil after maturity, the latter took the paper subject to all defenses which could have been urged against the original payee; and so, too, when the note again came into possession of Blitch, one of the original payees. Andrews *v.* Robertson, 54 L. R. A. 673 and note. There was evidence sufficient to sustain the contention that the note represented the debt of the husband, and, there being no error assigned as to any ruling of the court on this branch of the case, the court did not err in refusing to grant a new trial. The assignments of error as to permitting Mr. and Mrs. Carswell to testify, notwithstanding the fact that Newton was dead, are incomplete, failing as they do to set out what testimony was given by the witnesses, or that it related to transactions with vton. Even if the refusal to strike the plea can be made the nd of a motion for a new trial, there is nothing to show what on was made, nor is any error assigned thereon which can be dered. *Judgment affirmed. All the Justices concur.*