# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

#### AT THE

## MARCH TERM, 1910.

---

### 2208. DAY *v.* ROGERS *et al.*

1. If the transferor of a promissory note, not the original payee, was a bona fide holder for value, before maturity and without notice of equities or defenses, his transferee is subrogated to his rights, and may recover on it, notwithstanding the transferee had notice, express or constructive, of defenses to the note.
2. There were reasonable deductions or inferences, from the evidence, which would have warranted a verdict for the plaintiff; and the direction of a verdict for the defendant was erroneous.

Complaint; from city court of Fitzgerald—Judge Wall. August 30, 1909.

Submitted December 20, 1909.—Decided March 11, 1910.

*O. H. Elkins,* for plaintiff. *Haygood & Cutts,* for defendants.

HILL, C. J. Day sued W. H. Rogers and Julia P. Rogers on a promissory note. The note was made payable to H. H. James, who had transferred it by indorsement in blank to the Exchange National Bank, and the bank indorsed it to Day "without recourse." The note was signed jointly by the defendants, apparently as makers. W. H. Rogers filed no defense. Julia P. Rogers set up that W. H. Rogers was her husband and that she had signed the note as surety, and she alleged that the plaintiff was not an innocent holder for value. The plaintiff made an oral motion to strike from the plea the allegation of suretyship, on the ground that it failed to allege that the Exchange National Bank was not a bona fide holder of the note and without notice of the alleged fact of suretyship. This motion was overruled, and the plaintiff excepted pendente lite. At the conclusion of the evidence the court directed

a verdict for the defendant; and this is specifically excepted to in the bill of exceptions. He excepted also to the refusal of a new trial. The grounds of the amendment to the motion for a new trial were not approved by the court, and will not be considered.

1. The motion to strike the plea setting up that the defendant Julia P. Rogers was surety on the note should have been sustained. It was not sufficient to allege that the plaintiff was not a bona fide holder of the note; the plea should have alleged also that the Exchange National Bank, from which he had received it as indorsee, was not a bona fide holder of the note. If the bank held the note as an innocent purchaser for value before maturity, without notice of any equities and defenses, and without notice that Julia P. Rogers was in fact surety, then the bank's indorsee, Day, would stand in the place of the bank, and could recover, notwithstanding the fact that he himself may have had notice. In other words, it was just as essential to a valid defense that the plea should have set up that the Exchange National Bank took the note from James with notice that Julia P. Rogers was the wife of W. H. Rogers, and was his surety, as that it should set up that the plaintiff took the note from the bank with such notice. The bank was presumed to be a bona fide holder for value; and it was necessary to negative this presumption in the plea, and to rebut it by proof. Civil Code, §3696. The transferee of a promissory note is invested with all the rights and equities of the transferor; and where the transferor is entitled to recover, being the holder for value before maturity, bona fide and without notice of equities and defenses, the transferee is subrogated to his rights, and may recover, notwithstanding the fact that he himself, when he took the note, took with notice. *Hogan* v. *Moore,* 48 *Ga.* 156; *Douglas* v. *McCrackin,* 52 *Ga.* 596; 4 Am. & Eng. Enc. Law (2d ed.), 308, 313.

2. Considering the exception to the direction of the verdict, in connection with the general grounds of the motion for a new trial, we think that the direction of the verdict, under the evidence, was erroneous. The evidence showed, that the original payee of the note, James, indorsed it to the bank as collateral security, and that when the note fell due, the bank demanded payment from him; that he could not pay the note, and he persuaded the plaintiff to take it from the bank, and the bank transferred it to the plaintiff for collection, and without recourse. When the bank indorsed it

to the plaintiff, although without recourse and for collection, he held the legal title to it, and could therefore maintain the suit. "In this State an indorsee for collection has such a title as to enable him to bring and maintain a suit in his own name." *Neal v. Gray*, 124 *Ga.* 515 (52 S. E. 622) ; *Freeman* v. *Exchange Bank,* 87 *Ga.* 45 (13 S. E. 160). It is true that Day took this note after maturity, and therefore the defense set up would ordinarily have been good against him, but as he held it for collection only, only such a defense as would have been good against the bank would have been good against him; and as before stated, the presumption of law was that the bank was a bona fide holder, and the evidence did not rebut this presumption. But regardless of this fact, we think the plaintiff was entitled to go to the jury on the question as to whether the debt represented by the note was in fact the debt of the wife.

The defendant relied upon the testimony of her husband to establish the fact of her suretyship; but he swore also that the consideration of the note was fertilizer used on land belonging to her, that she furnished the fertilizer to the tenant on the land, and that he acted as her agent in furnishing it. It is true that he swears that he and the tenant worked the land jointly, and that his wife was not interested in the crop; but the jury might not have believed all of his testimony, especially in view of the fact that he made contradictory statements about the transaction. It seems that the note sued on was a renewal of a note signed by Rogers and his wife, which had been given by them to James for supplies; and Rogers testified that his wife did not have any interest in this original note, although it was signed by her. In another part of his testimony he states that he "is sure his wife did not sign this original note." The note had been lost; but it was proved that Mrs. Rogers had brought a trover suit against the tenant for a part of the crop made on the place during the year in which the supplies for which the original note had been given were furnished. The record of this trover suit was in evidence, and showed that Mrs. Rogers actually claimed title to the crop made on the farm; and it was also shown that Rogers himself had testified in the trover suit that his wife was the landlord. He denied that he had so sworn, but the testimony was in conflict. If the truth was that the consideration of the original note, of which the one in suit was

a renewal, was for supplies which Rogers had bought as the agent of his wife, and which had been furnished to her cropper, it would follow that the debt represented by the note sued on was really her debt; and the conflict in the evidence on this point would have authorized the jury to believe that the debt was hers, and that she was not in fact a surety on the note, but was simply a joint maker with her husband, or that she was principal and he was surety. We conclude, therefore, that the case ought to have been submitted to the jury, and that the court erred in directing a verdict for the defendant.                                          *Judgment reversed.*