*J. H. Merrill, Roscoe Luke,* for plaintiff in error.
*Theodore Titus,* contra.

---

## 4188.　WADE *v.* ELLIOTT *et al.*

1. A note payable to a certain person, or order, when indorsed in writing by the payee, becomes a negotiable instrument; and a subsequent innocent purchaser before maturity and for value is protected in his title.

2. A purchaser of a negotiable note, although with notice of an equity as between the maker and the original payee, is protected in his title if he purchases the note from one who previously purchased it from the original payee without notice of any infirmity in the note.

3. Where a negotiable promissory note is sold by a trustee in bankruptcy of the payee before the note has matured, and after it has been duly indorsed by the original payee, the sale being made under an order of the bankruptcy court, it is not necessary, in order to pass title to the purchaser at such sale, for the trustee to indorse the note. Mere delivery by the trustee to the purchaser would be sufficient to pass title.

DECIDED OCTOBER 9, 1912.

Complaint; from city court of Tifton—Judge R. Eve. April 3, 1912.

*R. D. Smith,* for plaintiff in error.　*R. E. Dinsmore,* contra.

HILL, C. J.　This was a suit on a promissory note, against the maker. The plaintiffs alleged, in substance, that the note was negotiable, and that they were innocent holders for value, having purchased it before maturity; that it was originally given by the

defendant, payable to the Farmers Supply Company, or order, and, before it became due, the Farmers Supply Company was adjudicated bankrupt, and the note was sold at public sale, after due advertisement and under order of the court, and was bought by Benton, McCommons & Co., who were the highest and best bidders at the sale, and who took the note as innocent purchasers for value and before maturity, and thereafter sold and transferred it, for value, to the plaintiffs, duly indorsing it. The note was indorsed by the original payee, the Farmers Supply Company. The plea admitted the execution of the note, its indorsement by the Farmers Supply Company, and the sale of the note by the trustee in bankruptcy of that company, under an order of the court, before the note matured, and that it was bought by Benton, McCommons & Co. and duly indorsed by them to the plaintiffs. It was denied, however, that either Benton, McCommons & Co. or the plaintiffs were innocent purchasers, it being insisted that the note was not indorsed by the trustee in bankruptcy, and that, without such indorsement, it did not become a negotiable instrument. On demurrer the court struck the plea as insufficient, and this is the error assigned.

1. We think the court did not err in striking the plea. The principle is well established that a note payable to a certain person, or order, becomes negotiable only where it has been regularly indorsed in such a way that the indorsement becomes a part of the paper; and, unless it is a negotiable paper, subsequent holders thereof are not protected from any equity that may exist between the maker and the original payee. *Sheffield* v. *Jackson County Bank,* 2 *Ga. App.* 221 (58 S. E. 386), and citations. Here it is admitted that the note was duly indorsed by the original payee, the Farmers Supply Company. When it was indorsed it was, as to any subsequent holder, clothed with the qualities and incidents of negotiable paper; and the indorsees, Benton, McCommons & Co., subsequently indorsed it to the plaintiffs.

2. By the amendment to the plea it is specifically alleged that the plaintiffs were not innocent purchasers, but took the note with knowledge of the equities of the maker as against the original payee. If, however, Benton, McCommons & Co. were innocent purchasers before maturity and for value, it would be wholly immaterial whether the plaintiffs were such or not; for it is well settled

that if one without notice sells to one with notice, the latter is protected; in other words, the purchaser with notice gets a good title from the purchaser without notice. Civil Code (1910), § 4535; *Weil* v. *Carswell*, 119 *Ga.* 873 (47 S. E. 217). The indorsement by the payee and the subsequent indorsement by Benton, McCommons & Co. are without date; but this is immaterial, be-. cause the law presumes that the holder of negotiable paper bought it before due and for value. Civil Code (1910), § 4288; *Rhodes* v. *Beall*, 73 *Ga.* 641.

3. The main point relied upon by the defendant is that there was no indorsement by the trustee in bankruptcy, and that this was necessary in order to pass title. We do not think it was necessary for the trustee in bankruptcy to indorse the note. Its negotiable character had already been determined by the indorsement of the original payee. But in the answer it is admitted that the trustee in bankruptcy sold it under order of the court and before maturity. The trustee in bankruptcy acquired no title to the note, except as the representative of the bankrupt; and as the note was negotiable when it came into his possession as trustee, its sale by him under order of the court, and its delivery to the purchaser, were all that was necessary to pass the title. *Judgment affirmed.*