17114.   NORTH GEORGIA TRUST & BANKING Co. *v.* HULME *et al.*

JENKINS, P. J.   "If one without notice sell to one with notice, the latter is protected, as otherwise a bona fide purchaser might be deprived of selling his property for full value." Civil Code (1910), § 4535. *Hancock* v. *Gumm,* 151 *Ga.* 667 (2) (107 S. E. 872, 16 A. L. R. 1003); *Branch* v. *Dublin and Laurens Bank,* 21 *Ga. App.* 439 (94 S. E. 629). In the instant case, while it appears from the disputed testimony of the defendant that the plaintiff at one time had the note in its possession as custodian for the payee, and, while in such possession and prior to its maturity, was given notice by the defendant of the defense thereto, it is nevertheless true that the plaintiff's proof that it subsequently ·obtained the note from another bank whose entire assets it acquired was in no way disputed, this fact being shown by the books of the other bank introduced in evidence, as well as by the testimony of the plaintiff's cashier. Since the·bank from which the plaintiff acquired its title to. the note purchased it prior to its maturity, and it not being contended that such other bank had any notice of the defense pleaded by the defendant, the principle of law set forth by the code section quoted above. is controlling, and the verdict in favor of the defendant was unauthorized.     *Judgment reversed. Stephens and Bell, JJ., concur.*

.DECIDED JULY 20, 1926.

Complaint; from city court of Elberton—Judge Nall. December 23, 1925.

*G. A. Johns, Z. B. Rogers,* for plaintiff.

*J. T. Sisk,* for defendants.

---

Bills and Notes, 8 C. J. p. 466, n. 29, 30; p. 720, n. 17.