## 21758.  Houston *v.* Lundy.

Jenkins, P. J.  1. A purchaser of a negotiable note, although with notice, either express or constructive, of equities and defenses as between the maker and the original payee, is protected in his title and may recover on it, if he purchased, even without recourse, from one who took it, bona fide and without notice, from the original payee.  Civil Code (1910), § 4535; *Burch* v. *Pope,* 114 *Ga.* 334 (40 S. E. 227); *Weil* v. *Carswell,* 119 *Ga.* 873 (47 S. E. 217); *Stamper* v. *Hayes,* 25 *Ga.* 546; *Wade* v. *Elliott,* 11 *Ga. App.* 646 (75 S. E. 989); *Day* v. *Rogers,* 7 *Ga. App.* 535 (67 S. E. 279); *Branch* v. *Dublin & Laurens Bank,* 21 *Ga. App.* 439 (94 S. E. 629); *North Ga. Trust & Banking Co.* v. *Hulme,* 35 *Ga. App.* 627 (134 S. E. 200).  The note sued on here antedated the passage of the uniform negotiable-instruments act.  The date of the transfer does not appear, but irrespective of whether the case is governed by the old law and

decisions thereunder above cited, or by the provisions of the present uniform negotiable-instruments law, the rule is the same. See Ga. L. 1924, p. 138; Michie's Code, § 4294(58); Park's Code Supp. 1926, § 4272(8).

2. In the instant suit by the holder against the maker of a negotiable note, where it appeared, without dispute, that the plaintiff acquired the note after maturity from one who had acquired it before maturity and without notice of any defect, it was error to charge the jury that the defense pleaded by the maker would be good as against the plaintiff, whether or not the person who transferred it to the plaintiff was a bona fide holder for value and without notice.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 17, 1932.

*J. B. Williamson,* for plaintiff. *Forehand & Ford,* for defendant.

