Mr. Chief Justice Sharkey
delivered the opinion of the court.
It seems that the land for which this action of ejectment was brought, is a school section, and it would seem that it had been leased, in 1834, for ninety-nine years, to John Alston, under whom the plaintiff in error claims. Being defendant in the court below, he defended on the title made to Alston, and the rulings of the court, in excluding his evidences of title, present the questions for determination.
The title exhibited appears to have been made by the board of police of Yazoo county, and the objection is, that the lease was not made in accordance with the directions of the statute, or rather that the records of the board of police do not show that the statute was strictly complied with. The principle is then urged that, as the board is a court of limited jurisdiction, its records must show every thing requisite to confer jurisdiction. The principle is correct, but its application in the present instance will depend upon the statutes under which the authority was exercised.
By the act of 1824, the resident heads of families in each township, being legal voters for members of the legislature, were authorized to elect five trustees, whose duties in reference to the school section were defined; but not until 1833 had the trustees power to make long leases. By an act of that year, they were authorized to lease out the school section for ninety-nine years. And it was made their duty to do so, when thereto requested by a majority of the resident heads of families in the township, minors not excepted. This section of the act contains this proviso : “ That in the event that there should be one or more townships which does not contain population sufficient to elect trustees, as provided for by law, that the board of county police of *36 the county in which the same is situated, shall lease the said section according to .the provisions of this act, and in all other respects perform the duties required of said trustees.” H. & II. Dig. 132, sec. 30. Here, then, is the power under which the board of police acted.
In the outset, we differ with counsel in regard to the character in which the board acted. Though it may be a court according to its constitutional organization, it did not act as a court in this instance. It acted by special commission or appointment, in a subject foreign to its ordinary constitutional jurisdiction, which relates to roads, highways, ferries, and bridges, and all other matters of county police. This is not by law a matter of county police. Even the state is but a trustee in regard to these lands. Through the legislature, she may manage them so as to appropriate the proceeds to the proper object. This she does through the trustees of schools, who constitute a quasi corporation, which acts as a sub-agent in carrying out the object of congress. In townships where no trustees can be elected, the board of police is substituted in their place, and thus become the trustees appointed by the legislature. They are required to perform the same duties^ and to discharge them in the same manner as the trustees would, if there were any. They are not required to do more than the trustees are required to do; and a lease which would be good if made by trustees, ought to be good if made in the same way by the board of police. The act expressly declares, that the board of police “ shall lease the said section according to the provisions of this act, and in all other respects perform the duties required of said trustees.” This does not confer jurisdiction on them as a court, and authorize it to be exercised in the ordinary way of their proceeding; but it appoints them to a particular duty, imperative in its character, to be done in a particular way, which way dispenses with the ceremonies usual in courts. As the trustees may lease, so may the board of police.
Now it is to be observed that the trustees have no discretion in making these leases. On the proper application, they are bound to make them, and the duty must be discharged in the manner pointed out by the statute. The statutory prerequisites *37 are necessary to constitute a good lease. But as the statute has' not said how the evidences of these prerequisites shall be perpetuated, or by what evidence they shall be established, the courts cannot do so by prescribing a particular mode, to the exclusion of all others. If they can be established by competent proof, written or parol, this must be all that can be required. If the law had authorized the trustees to appoint a secretary or clerk, and had made it his duty to keep a record of the proceedings, then it would follow that record proof should be introduced of such facts as were necessary to be recorded. Butin the absence of such a regulation, and in the absence of a law requiring the trustees to record their proceedings, we cannot say that record proof is indispensable. And it is to be observed, the law made no provision for recording the proceedings of the trustees. They were required to elect a treasurer, and it was made his duty to record all orders for the payment of money, and in what manner appropriated. H. & H. Dig. 125, sec. 17. But this was as far as he was required to keep a record; and it was not until 1836 that the board of trustees was required to elect a clerk, and keep a record of its proceedings. H. & H. Dig. 136, sec. 48. The legislature doubtless saw this important omission, and therefore applied the remedy.
By the statute, the following conditions seem to constitute prerequisites to a good lease of school lands : —■ 1, the request of a majority of the heads of families in the township, minors not excepted; 2, six weeks’ notice by advertisement in a newspaper, or if there is no paper printed in the county, then by posting up notices in three public places; and 3d, an actual leasing to the highest bidder, at the time and place specified. To these may be added another in the case of a lease made by the board of police; to wit, that there is not sufficient population in the township to elect trustees.
How is the lessee to establish the performance of these conditions? How is he to show that the lease was made on request of a majority of the heads of families? The law does not provide the means of making it a matter of record, nor does it require the petition to be recorded. So too of the notice; that is *38 not made a matter of record. It is a matter in pais, to be established by the production of the newspaper, or by parol proof.
This title is derived under a naked statute power; the statute alone is the authority for passing it, and in cases of that description, the law is very clearly laid down in Williams v. Peyton, 4 Wheat. 77; and in Jackson v. Shepard, 7 Cowen, 88. It is this, that the evidences of title derived under a naked statute power, a tax collector’s sale, for instance, are matters in pais, and it is the duty of the purchaser to provide himself with the requisite proof, and to preserve it, at least for a reasonable length of time.
Now it may be asked, as the board of police could, only make the lease in case there was not sufficient population to elect trustees, how is it to appear that the contingency has happened? It is not more difficult to make such proof, than it is to prove the condition on which the trustees may lease; to wit, that a majority of the heads of families have applied for it.
On this view of the law, it remains to determine whether the court erred in excluding the evidence. The first matter of evidence was in these words : “ Minutes of the proceedings of the board of police, began and held in the town of Benton, on Monday, the 7th day of April, A. D. 1834. Present, Samuel Walker, president, Edward Machett, Gabriel Scott, and Samuel J. Carman.
On petition of a majority of the citizens of township thirteen, range two, west, it is ordered by the board of police, “that the board proceed to sell said section according to law, it appearing to the board that there is not a sufficient number of freeholders in said township.” And then offered to read a further entry on the minutes of November, 1838, which recites that John Alston had applied for a title to section sixteen, township thirteen, range two, west, and also that proof was made to the board of the sale of the land on the 4th of July, 1834, according to law, at which Alston became the purchaser, and it was therefore ordered, that a deed be made and placed upon the records of the board. The deed so made was also offered, but the court ruled out this evidence, and thereupon the defendant offered parol *39 proof, in connection with these entries, to show that when the order of sale was made, there were not five heads of families residing in the township, and also that due and legal notice was given of the sale, but this too was excluded. If we are correct in holding, that the prerequisites to a sale were matters in pais, to be established as other facts of that description, then of course the court erred. It was competent for the defendant to prove the facts offered to be proved by parol, in connection with 'his deed. Although this proof alone might not have been sufficient, it was nevertheless competent. The party may have been prepared to prove all other necessary facts, and he had a right to adopt what order he pleased in the introduction of his evidence, and if any part of it was improperly ruled out, he had a right to except. The court cannot say to a party, you shall not introduce any evidence, however competent it may be, unless you introduce enough to make out your case.
There is no analogy between this sale and a sale made by an administrator. True, we have held, in such cases, that any thing necessary to give the court jurisdiction must appear. But the orders of sale are made by a court of special jurisdiction, in the exercise of its functions, and the law furnishes it with the means of placing every thing on record, and this being the case, the record must show that it had jurisdiction.
We are accordingly of opinion, that the judgment should be reversed, and the cause remanded.