Holmes *v.* West.

---

HOLMES *v.* WEST *et al.*

A PROMISSORY note payable generally, but not specifying any time of payment, is due immediately; and a provision in the note that interest is to accrue after the decision of a certain suit, does not alter the principle.

In suit on a note and mortgage—the answer not denying the execution thereof— the decree recited, among other things, that the Court had duly considered the premises, and that "it appears from the note and mortgage sued upon that there was due plaintiff at the date of the commencement of this suit, for principal and interest upon the debt and mortgage mentioned and set forth in the complaint, the sum of $2,000;" it is ordered, etc.: *Held,* that this constitutes a sufficient finding of facts to support the decree—amounting as it does to an indirect finding of the substantial matters in the complaint, to wit: the execution and delivery of the note and mortgage.

APPEAL from the Seventh District.

The note sued on is as follows:

"For value received, we, or either of us promise to pay to William Ross, or order, two thousand dollars, to bear interest at the rate of one per cent. per month from and after the decision of the Supreme Court of the United States in the case of the heirs of Marcus West against the United States. October 14th, 1858."

The note was signed—by their mark—by five persons by name of West, and four more by their guardian.

Defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Overruled, and answers filed setting up, among other things, that defendants signed the note with the understanding that its terms were such that it would not be due until after the decision of the Supreme

Court in the case mentioned in the note, and that such decision was not rendered until after the commencement of this suit. The case was tried before the Court without a jury; and there is no finding of facts other than the following opening portion of the decree, to wit:

"This cause having this day been brought on to be heard upon the complaint and answer filed herein, and it appearing that (naming the defendants) were duly served with process, and each of said defendants having filed their answers, and the Court having duly considered the premises, and upon due proof of filing notice of the pendency of this suit upon the day of the commencement thereof, and from the note and mortgage sued upon, from which it appears that there was due to the plaintiff at the date of the commencement of this suit, to wit: February 20th, 1860, for principal and interest upon the debt and mortgage mentioned and set forth in the complaint, the sum of two thousand dollars; and on motion of counsel for plaintiff, it is ordered, adjudged, and decreed," etc.—ordering a sale of the premises to pay the debt, and judgment in favor of plaintiff in case of deficiency. There is also an opinion of the Judge in the record, but it goes upon the point that the real issue in the case is the fraud in procuring defendants' signature to the note; and that this does not avail defendants—even if proved, because "fraud" is not well plead in the answers, the allegation being that the note is not due, etc. Defendants appeal.

*S. D. Latimer*, for Appellants.

The complaint is insufficient. It appears upon the face of it that the note sued upon was not due at the time suit was brought.

There is no finding of facts. This was necessary to support the judgment. (Prac. Act, sec. 180; *Duff* v. *Fisher*, 15 Cal. 375; 17 Mo. 550; 21 Id. 159; Id. 444; 24 Id. 51; 26 Id. 166; 27 Id. 418; 29 Id. 132; Id. 21.)

*Ross & Crocker*, for Respondent.

1. The note does not state any particular time within which it was payable; and the rule is in such cases that it is payable on demand, and is due immediately. (Story's Prom. Notes, sec. 224; Chitty on Bills, Ch. 9, 410; *Sutton* v. *Towner*, 7 B. & C. 416.)

2. It is objected, that the Court filed no findings of fact. This was purely an equity case, and under the rule established in *Walker* v. *Sedgwick* (5 Cal. 192) it was not necessary to file any findings. But it is urged that that case is overruled in *Duff* v. *Fisher* (15 Cal. 375). In that case this Court does not overrule the former case, but leaves the point open for consideration—intimating that the Court " may be required to follow it for the protection of the rights of parties in existing cases."

But even if this Court should be disposed to overrule *Walker* v. *Sedgwick*, still we contend that it will not affect this case. The one hundred and eightieth section of the Practice Act provides that the decision of the Court shall be in writing, etc. In this case, the Court filed its decision in the shape of an opinion upon all the questions submitted ; and although it is not a formal finding of facts and law, each being separately stated, yet it has all the substance required by the statute, and sufficiently complies with its provisions.

But findings were not necessary in this case, for another reason, independent of its being an equity case. The facts are all admitted by the pleadings, and in such case no findings are necessary. (*Swift* v. *Muygridge*, 8 Cal. 445.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was a suit brought on a promissory note and to enforce a mortgage given to secure it. The complaint was demurred to on the ground assumed that the note was not due at the time of the suit. The note is payable generally, not specifying any time of payment, with a provision that interest shall accrue after a certain event, at a given rate. The rule is well settled that a note thus payable is due immediately ; and the mere provision in respect to interest does not alter the principle. The demurrer, therefore, is not well taken.

The other objections are not sustained. There seems to be no statement in the record. The decree finds the sum due on the note and mortgage set out in the complaint. Probably this is not a very formal mode of stating the facts, but it may be considered an indirect assertion of the substantial matters in the complaint, which

were only the facts of the execution and delivery of the note and mortgage. The execution of the note and mortgage do not seem to be denied in the answer, and there appears no proof of the matters set out in the answer. We see no use, under the circumstances, of remanding the case.

Judgment affirmed.