FIRST NATIONAL BANK OF DAVENPORT v. PRICE & SANFORD.

1. **Negotiable Paper**: DRAFT: GRACE. A draft in which no time for payment is mentioned is payable on demand, and is not entitled to grace. This rule of the law merchant is not changed by chapter 81, laws of 1876.

2. ———: INTEREST. The fact that such a draft calls for interest after maturity does not indicate that it is not payable on demand.

3. ———: COLLECTION: NEGLIGENCE. Where the plaintiff in reply to a letter from defendants directed them to protest a draft previously sent them for collection, and afterward remitted to them the cost of such protest, it was held that such acts constituted no defense to an action to recover from defendants for negligence in not sooner presenting the draft for payment.

*Appeal from Clinton District Court.*

TUESDAY, DECEMBER 9.

THE plaintiff filed a petition claiming of the defendant $170.56, and for cause thereof alleging:

"That the defendants are co-partners and bankers in De Witt, Clinton county, Iowa, and act as agents for collection of such bills and notes as may be transmitted to them for that purpose.

"That on the 18th day of June, 1877, Dow, Gilman & Hancock, a firm doing business under that name, executed and de-

livered to the plaintiff a certain bill of exchange or draft, as follows:

"$167.40.                        DAVENPORT, June 18, 1877.

"Pay to the order of the First National Bank of Davenport, Iowa, one hundred and sixty-seven 40-100 dollars with ten per cent interest after maturity, value received, and charge the same to account of, with exchange,
To J. G. Pearse,
     DeWitt, Iowa.            DOW, GILMAN & HANCOCK.

"That on the same day, to-wit, June 18, 1877, the plaintiff caused the said draft or bill of exchange to be indorsed, as follows, by L. G. Gage, its cashier:

"'Pay to Price and Sanford, or order, for collection, account of First National Bank of Davenport, Iowa.
                     L. G. GAGE, C.'"

"And forwarded the same to the said defendants to be collected of the said J. G. Pearse at DeWitt, Iowa, where both the said Pearse and the defendants reside—and the same was received by the said Price & Sanford on the same day, or the day following. That it was the duty of defendants to have presented said draft to said J. G. Pearse and have demanded payment thereof without delay, and to notify the parties interested if payment had been refused. That defendants had opportunity to present said draft to Pearse and demand payment thereof on 19th of June, 1877, the day after the date thereof, but instead of demanding payment of the said draft or bill of exchange on the 19th day of June, 1877, they presented the same to the said J. G. Pearse, and demanded acceptance thereof, only, and the said draft was there accepted by the said J. G. Pearse by writing on the face of said draft, as follows:
"'"Accepted, June 19.    J. G. PEARSE.'"

"No presentment of said draft was necessary for any purpose, except for payment. That the same was payable upon demand, and that demand for payment thereof should have been made by defendants at, or before, the time the same was ac-

cepted by said J. G. Pearse, on the 19th day of June, 1877, and notice given to the payee and drawers of said bill, if payment thereof had been refused. But defendants did not demand payment of said draft or bill of exchange until the 22d day of June, 1877, when payment thereof was refused by the said J. G. Pearse, of which plaintiff received notice on the 23d day of June, 1877.

" That in consequence of the failure of the said defendants to present the said draft or bill of exchange for payment without delay, as they ought to have done, and to notify the payee and drawers of the non-payment thereof if payment had been refused, the drawers of said bill of exchange became and are released from all liability thereon and refuse to pay same, whereby the defendants became liable to the plaintiff for the damages it has thereby suffered; and plaintiff has been damaged to the full amount of said bill of exchange, and $3.16 protest fees.· A copy of the bill of exchange, and the certificate of the protest thereof, is attached to the petition and shows in addition to the facts set forth in the petition that the bill of exchange was presented to J. G. Pearse for payment on the 22d day of June, 1877, and on the same day the same was protested for non-payment and due notice thereof given to the plaintiff and Dow, Gilman & Hancock."

The defendants filed their answer alleging:

"1. That they did present said bill of exchange to said J. G. Pearse, and demanded payment thereof, and gave notice of its non-payment to the drawers and indorser thereof, within a reasonable time after they received the same, as required by law.

"2. That said Dow, Gilman & Hancock only drew said bill of exchange in favor of plaintiff for the purpose of collection.

"3. That said draft was by them received after banking hours on the 18th day of June, 1877, and was by them presented for acceptance on the 19th day of June, 1877, and the same accepted by said J. G. Pearse.

"That on the 20th day of June, 1877, said defendants wrote to said plaintiffs acknowledging receipt of said draft and letter accompanying the same, and requesting plaintiffs to telegraph

to said defendants, if they wished said draft protested, which said letter was received by plaintiffs in the usual course of the mail on the 20th or 21st day of June, 1877.

"That said plaintiffs after receipt of said letter from said de- fendants, and well knowing that said draft had not been pre- sented for payment, and payment demanded on the 22d day of June, 1877, in answer to plaintiff's said letter, telegraphed to said defendants to protest said draft, which telegram was received by said defendants on the 22d day of June, 1877, and thereupon the defendants did cause demand of payment of said draft to be made of said Pearse, which was refused, whereupon the same was duly protested and notice given to the drawers and indorser of said draft, as directed by said plaintiffs in said telegram.

"That on the 25th day of June, 1877, said defendants re- turned by mail to said plaintiffs said draft and the certificate of protest of the same, which were received by said plaintiffs on the 25th or 26th day of June, 1877.

"That said plaintiffs with full knowledge that defendants had presented said draft to said Pearse for acceptance on the 19th day of June, 1877, and that said Pearse had on said day ac- cepted the same, and that said defendants had presented the said draft to said Pearse for payment on June 22d, 1877, and not before that date, and that payment was refused and the said draft protested on said 22d day of June and notice given to the drawers and indorsers of said draft on said day, and knowing fully all the facts in relation to what defendants had done with the draft, approved the acts of said defendants in relation thereto on the 26th day of June, 1877, knowing all of said facts as aforesaid, said plaintiffs, approving of the acts of said defendants in reference to said draft, accepting the same, remitted to defendants $3.16, being in full payment of their services in making demand of payment, and protesting and giving notice of demand and non-payment of said draft.

"That said plaintiffs approved the acts of said defendants in relation to said draft and continued to so approve and adopt the same till the 6th day of July, 1877, when learning that said Pearse was entirely insolvent, and about to petition to be

adjudged a bankrupt, the plaintiffs claimed that defendants had failed to exercise due diligence in presenting said draft for payment."

The plaintiff demurred to the first and third counts of the defendant's answer. The demurrer was sustained. The defendants excepted, and elected to stand by the defenses set forth in these counts of their answer.

Trial was had to the court on the issue raised by the second count of the answer, and the court found thereon for the plaintiff, and rendered judgment against the defendants for $187.03. The defendants appeal and assign as error the sustaining of the demurrer, and rendering judgment for the plaintiff.

*Merrell & Howat*, for appellants.

*Cook & Richman*, for appellee.

DAY, J.—I. It is urged by the appellants that the draft in question is entitled to grace, and that, therefore, the presentation for payment was made in due time. In 1 Parsons on Notes and Bills, page 381, it is said: " A note or bill in which no time of payment is mentioned is equivalent to a note on demand;" and on page 407 it is said: " Grace has never been extended to notes and bills on demand." It seems to be conceded by counsel for the appellant that, according to the rules of the law merchant, the draft in question is payable on demand, and is not entitled to grace. It is claimed, however, that chapter 81, laws of Sixteenth General Assembly, changes the rule of the law merchant upon this subject. This chapter provides " That all bills of exchange, drafts and orders payable within this state, except those drawn payable on demand, shall be entitled to grace." It is claimed that under this statute all bills of exchange, drafts or orders, are entitled to grace, unless it is expressly stated upon their face that they are payable upon demand. This construction of the statute, we think, is not correct. It is not the purpose of the statute to effect any change upon the character of the instruments which shall be regarded as payable on demand. The statute has reference to the existing rules of the commercial law upon that subject. A draft or bill, in which no time

*Marginal note:* 1. NEGOTIABLE paper: draft: grace.

for payment is mentioned, is, under the statutes, drawn payable on demand just as effectually as though the words "payable on demand" had been incorporated into it.

II. It is urged, however, that the fact that the draft is drawn with ten per cent interest after maturity shows that it

**2. ——: ——: interest.** was intended to have been presented for acceptance, and not at once for payment. In support of this position, 1 Parsons on Notes and Bills, page 379, is cited. The weight of authority does not support this position. See Parsons on Notes and Bills, page 379, note z.

III. The facts alleged in the third count of the defendants' answer constitutes no defense. These facts are in substance

**3. ——: collection: negligence.** that the plaintiff, upon being advised of the presentation of the draft for acceptance, directed the defendants by telegram to protest the draft, and afterward remitted to the defendants $3.16, in full payment for their services in making demand of payment, protesting and giving notice of demand and non-payment. These facts constitute no ratification of the act of the defendants in presenting the draft for acceptance, and in neglecting to present it for payment in proper time after it was received. The demurrer to this count of the answer was properly sustained.

AFFIRMED.