## WILLIAM P. YATES *vs.* CHARLES E. GOODWIN.

### York. Opinion December 30, 1901.

*Bills and Notes. Indorser. Demand and Notice. Time. Estoppel.*

A corporation March 16th, 1894, hired money of a person for which it gave its note payable to its own order, on demand, and indorsed by it in blank. Upon the back of the note, under the name of the maker the defendant had put his own name. *Held*; that the defendant was an indorser only, and liable only on proof of demand and notice.

The person to whom the note was given died July 4th, 1894, without having made demand for its payment. In September following, the defendant was appointed one of the administrators of his estate. Nov. 13, 1894, the defendant wrote upon the back of the note these words:—"Demand made for payment Nov. 13, 1894." The defendant was also treasurer of the corporation maker of the note. The defendant claims that no demand was in fact made. *Held*; that the very act of the defendant in writing these words may properly be regarded as a demand by himself as administrator upon himself as treasurer, and that as indorser he necessarily had notice thereof.

Morever, the defendant having turned over the note with the foregoing statement of demand upon it, to certain of the heirs as a part of their inheritance, and under circumstances from which the court is of opinion that it may be assumed that the heirs relied upon the statement, *it is held*; that the defendant is estopped to deny that there was a demand as stated, or that there he had notice, which follows necessarily.

The court is of opinion that the note sued upon was intended to be a continuing security, an investment of a more or less permanent character, and that it was not intended by the parties that an immediate or early demand for payment should be made. It is therefore *held* that the delay in making demand was not unreasonable and the defendant was not released from his liability as indorser by reason of the delay.

While demand for payment of a demand note must be made within a reasonable time in order to hold indorsers, what is a reasonable time may depend upon many circumstances, among which are the purpose of the note and the intention of the parties respecting it. If it be given for a loan of money, and be on interest, especially if the rate of interest specified be less than the statutory rate, these facts are regarded as having a strong tendency to show that the note was intended to be a continuing security, and that immediate or early demand for payment was not intended. And in such case, failure to make an immediate or early demand is not unreasonable.

On report. Judgment for plaintiff.

Assumpsit on a promissory note set out in the opinion, which states the case.

*F. W. Hovey* and *B. F. Cleaves*, for plaintiff.

*Enoch Foster* and *O. H. Hersey; H. Fairfield*, for defendant.

Sitting: Wiswell, C. J., Emery, Whitehouse, Strout, Savage, Powers, JJ.

Savage, J. Action against the defendant as indorser of the following note.

"$1500.                              Biddeford, March 16, 1894.

On demand for value received, the Ensor Remedy Company of Biddeford promises to pay to its own order the sum of fifteen hundred dollars with interest at the rate of four per cent per annum.

The Ensor Remedy Co.

By C. E. Goodwin,

Treas."

The Ensor Remedy Company indorsed and negotiated this note to Luther Bryant, upon or after its date. Before negotiation, the defendant and others put their names upon the back under the name of the original maker and indorser. It is settled law, and is conceded here, that when a note is made payable to the order of the maker and is by him indorsed in blank, it is in effect a note payable to bearer. And any person who puts his name upon the back, under the indorsement of the maker becomes an indorser only, and is liable only on proof of demand and notice. *Stevens* v. *Parsons*, 80 Maine, 351.

Accordingly, the defendant was an indorser, and was entitled to have demand made upon the principal and notice given to himself as a condition precedent to his liability. He denies his liability in this action, because, as he claims, there was no such demand and notice.

Mr. Bryant, the indorsee or holder, died July 4, 1894, and in September following, the defendant and Rishworth Jordan were appointed administrators of his estate. It must be noticed that at this time the defendant was treasurer of the corporation maker of the note, indorser on the note, and administrator of the estate of the owner of the note. He was, at that time, the person, as administrator, whose duty it was to demand payment of the note; he was the person, as treasurer, upon whom demand for payment should properly be made; and he was the person, as indorser, to whom notice of dishonor should be given, that is, notice of demand by himself, upon himself, for payment, and refusal by himself to pay himself. On November 13, 1894, the defendant wrote upon the back of the note these words:— "Demand made for payment Nov. 13, '94." The defendant testifies that no demand was actually made. But we think that the very act of the defendant in writing these words may properly be regarded as a demand by himself as administrator, upon himself as treasurer. The various entities of the defendant cannot be separated. It was his duty to make demand, and undoubtedly the writing of the words was to serve the purpose of a demand, as between Goodwin, treasurer, and Goodwin, administrator. It was to be understood that a formal demand had been made. That was equivalent to a formal demand. Moreover, Goodwin, indorser, was there also, and knew of the demand made. That was notice. Notice need not be in writing. It may be oral. *Ticonic Bank* v. *Stackpole*, 41 Maine, 321, 66 Am. Dec. 246; 2 Daniel on Negotiable Instruments, § 1005. What the defendant knew as administrator and treasurer, he knew as indorser. He had no need to give himself further notice as indorser. To have gone through the form of so doing would have been silly and meaningless. We hold, accordingly, that demand and notice on November 13, 1894, have been satisfactorily proved.

But there is another road that leads to the same result. In the settlement of the estate of Mr. Bryant, the defendant, as administrator,

turned over this note to certain of the heirs, who received it for value, as a part of their inheritance. The note then had upon it, in the defendant's own handwriting, the written representation of "Demand made for payment Nov. 13, '94." And, as it appears that the note was uncollectible as against the maker, we think it may be assumed, in the absence of evidence to the contrary, that these heirs relied upon the representation, which, if true, made the defendant, at least, holden as indorser. He cannot now be heard to say that the representation was not true. He is estopped. He is not only estopped to deny the demand which he represented had been made, but also he is estopped to deny notice to himself, for that, as we have already seen, was necessarily involved. Such a representation of demand as he made on the note, under the circumstances carried also a representation as to notice. This ground of liability is not affected by the fact that the note came into the hands of the heirs when long overdue, and when, for that reason, they might be charged with notice of infirmity. It rests solely upon the familiar principles of estoppel.

But the defendant says further, that even if there were demand and notice, still the demand was not seasonable. And it is too well settled to require the citation of authorities, that payment of a demand note must be demanded within a reasonable time, or the indorsers will be released.

There is no evidence of any demand by Mr. Bryant in his lifetime, a period of three months and a half. Nor is there any evidence of demand after his death until November 13, a period of nearly four and one-half months. During the first two months of this latter period, however, there were no administrators, and therefore no one authorized to make demand.

What is a reasonable time within which payment must be demanded, in order to hold an indorser, is a matter of law. *Goodwin* v. *Davenport*, 47 Maine, 112, 74 Am. Dec. 478. It is likewise a matter of no little difficulty. Said Justice RICE, in *Goodwin* v. *Davenport*, supra, " the precise number of days, weeks or months, even, which will constitute a 'reasonable time' has never been, although a question of law, judicially determined, but is made to depend upon circumstances as variable and uncertain as are the transactions and

characters of men." Periods ranging from a few days to many months have severally been held to be a " reasonable time," while in other cases by the lapse of similar periods without demand, indorsers have been released. " It depends upon so many circumstances, to determine what is a reasonable time in a particular case, that one decision goes but a little way in establishing a precedent for another." Shaw, C. J., in *Seaver* v. *Lincoln*, 21 Pick. 267.

The purpose of the note, and the intention of the parties respecting it, are important factors. Was the note given in payment of indebtedness in the current course of business? If so, the natural presumption would be that it was expected to be paid without long delay. Or was the note given for a loan, and with interest? If so, it is held that the indorser remains liable without immediate presentment. 3 Randolph Commercial Paper, p. 82 ; 1 Daniel on Negotiable Inst. p. 451. The parties do not expect immediate or early demand. Such a demand, if complied with, would defeat the very object of the loan. It is held also that the provision in a demand note for the payment of interest is material, as raising the presumption that immediate payment was not intended by the parties. 3 Randolph on Commercial Paper, 83. These views are well supported by authority. *Lockwood* v. *Crawford*, 18 Conn. 361 ; *Wethey* v. *Andrews*, 3 Hill, 582 ; *Chartered Mercantile Bank* v. *Dickson*, L. R. 3 P. C. 574; *Cate* v. *Patterson*, 25 Mich. 191 ; *Gascoyne* v. *Smith*, 1 McC. & Y. 338; *Merritt* v. *Todd*, 23 N. Y. 28, 80 Am. Dec. 243 ; *Parker* v. *Stroud*, 98 N. Y. 379, 50 Am. Rep. 683.

The note in question here was given for a loan, and it bore interest. The interest was at lower rate than would have been recoverable had no mention been made of the rate of interest. This fact is itself significant. For if it was expected that the note was to be demanded within a short time, would the parties have been likely to stipulate a less rate than the statute rate? Besides, the maker was a corporation borrowing money. The indorsers, some or all of them, were the officers of the corporation. Such was the defendant. It can hardly be supposed that this money was hired with the expectation on the part of any one concerned that payment of the note was to be immediately demanded or made, or, indeed, within any short period.

We think, on the contrary, that the note given for a loan was intended to be a continuing security, an investment of a more or less permanent character.    Being on demand, the holder might, if he chose, demand payment at any time, but it was not expected that he would make immediate or early demand.    We think that he was not required to do so, to hold the indorsers.    In this view of the case, the failure by Mr. Bryant to make demand in his lifetime was not unreasonable.  Nor did the defendant, as administrator, knowing as we think he did that the note was intended as a continuing security, delay an unreasonable time in waiting until November 13, about two months after his appointment, before making demand.    And it is fair to assume that the defendant did not deem the delay unreasonable, when he made the indorsement, "Demand made for payment, Nov. 13, '94".    It would be singular indeed if it should be necessary to hold that the defendant, whose duty as administrator it was not to let himself escape liability as indorser, has escaped that liability by neglect of duty as administrator.    So long as he stood in the threefold capacity as treasurer, administrator and indorser, he should not be said to have waited an unreasonable time, for every interested party, so far as concerns this case, assented to the delay.

*Defendant defaulted.*