C. E. Low, Appellant, v. Young, Mullarky & Long and
   Henry Young, H. Mullarky, G. I. Long and T. F.

**Contracts:** CONSTRUCTION.. Where an instrument is partly written and
1   partly printed, the written portion will control in case of apparent
    inconsistency.

**Same:** CONTRACT AFFECTING REAL PROPERTY: OPTION: ESTOPPEL. Where
2   an agreement respecting the sale of real estate amounts simply to an
    option to purchase and not a contract of sale, failure to make pay-
    ments as provided therein is an abandonment of all further rights
    thereunder; and the serving of notice of forfeiture after the breach
    would not amount to an estoppel of the right to rely on the conten-
    tion that the instrument was merely an option. The agreement in
    this case is held to have been merely an option.

*Appeal from Buena Vista District Court.*—HON. A. D. BAILIE,
Judge.

FRIDAY, DECEMBER 13, 1912.

ACTION in equity to enforce specific performance of an
alleged contract to convey land, with the additional prayer
that if specific performance is impracticable plaintiff have
relief against defendants by way of damages. There was
a decree for defendants, from which plaintiff appeals.—
*Affirmed.*

*James Deland,* for appellant.

*V. P. McManus, Kelleher & O'Connor* and *Faville &
Whitney,* for appellees.

McCLAIN, C. J.—On March 17, 1910, the plaintiff, as a
real estate broker, entered into a written agreement with the

defendants Young, Mullarky, and Long with reference to a purchase, or a prospective purchase, by plaintiff of a farm owned by said defendants as tenants in common. This contract provided for payment of a considerable portion of the purchase price within sixty days; $50 being paid in cash. The terms of the contract as to payment were not carried out, and said defendants, in June following, entered into a contract with defendant Wait for the sale of the land to him. It is now conceded for plaintiff that the contract on which he sues was not recorded until after the contract between Wait and the defendants was entered into, and therefore that Wait, having purchased without knowledge or notice of the contract with plaintiff, must be protected as against it. The sole controversy, therefore, is as to whether plaintiff is entitled to recover damages against the defendants Young, Mullarky, and Long for breach of their contract with him.

Substantially, the controversy between plaintiff and the defendants Young, Mullarky, and Long, who will be hereafter referred to as the defendants, is as to whether the written contract entered into between plaintiff and defendants was a mutually binding agreement of purchase by plaintiff, for breach of which defendants must answer in damages, or whether, on the other hand, it secured to plaintiff only an option to purchase the land, on terms specified, within sixty days, and by its own terms became void and inoperative on the failure of the plaintiff to exercise such option to purchase within the time specified.

The written instrument referred to consisted of a printed blank, embodying the usual provisions of a contract of sale of land, with certain stipulations written in blank spaces left for the purposes of specifying the description of the property, the names of the parties, and the terms of payment. Without setting out the contract in full, it is sufficient to say that the consideration was stated to be $18,000, of which the plaintiff had paid $50, and that plaintiff agreed to assume a mortgage on the land for $8,000, give a note for $3,000, secured by

second mortgage on the land, payable in five years, and another note for the balance of the purchase price, payable on or before sixty days. Following these provisions, there was written into the printed blank the following stipulation: "If said note of nine thousand nine hundred and fifty dollars is not paid when due this contract is null and void. Second party forfeits his fifty dollars paid; and first party refunds notes given by second party. It is agreed that tile now on said land, not laid, shall be property of second party."

Applying the well-recognized rule that in construing instruments partly printed and partly in writing, if there is apparent inconsistency between the printed portions and the portions in writing, the provisions in writing shall be given controlling significance (*Sylvester v. Ammons*, 126 Iowa, 140), we reach the conclusion that the written stipulation above set out provided for an option only, which plaintiff might exercise within sixty days, and that the printed portions of the contract having reference to a binding sale by defendants to plaintiff were superseded by this stipulation inserted in writing.

*1. CONTRACTS: construction.*

The prior negotiations of the parties, and their interpretation of the contract between them, may, of course, be taken into account in determining the effect of the entire contract as executed, in view of the inconsistency appearing therein; and we have no hesitation in reaching the conclusion that, in view of the circumstances under which the blank contract was filled out and signed, and the subsequent practical abandonment of the written contract by plaintiff, indicated by his proposal to defendants to effect a sale of the land for them to another party on wholly different terms from those embodied in the contract, it was the intention of the parties to enter into an agreement which would give to the plaintiff nothing more than an option—failure to comply with the stipulations being, as a matter of law, an abandonment of all further rights thereunder.

*2 SAME: contract affecting real property: option: estoppel.*

As against this conclusion, which was the one drawn by the trial court from the writing and the oral evidence as to the conduct of the parties, counsel for appellant insists on substantially two propositions of fact: First, that the de-fendants have by their acts estopped themselves from claiming that the contract provided only for an option by subsequently serving on plaintiff a notice of forfeiture in accordance with provisions of Code, section 4299, relating to contracts for the purchase of real estate, and, further, that such estoppel has arisen in plaintiff's favor, as against defendants, by the action of defendants in allowing plaintiff to incur expense in reliance on the contract after the term of the option had expired; and, second, and without regard to a technical estoppel, that defendants, having elected to treat the contract as one of purchase, cannot now mend their hold by assuming another and inconsistent position with reference thereto.

As to the alleged estoppel, it is sufficient to say that the merely precautionary measure of serving notice, in view of the possible construction which might be contended for by plaintiff, would not, in itself, constitute an estoppel of the defendants to rely upon their construction of the terms of the contract. Such notice was not served until after defendants had, as plaintiff well knew, entered into an agreement for the sale of the land to Wait; and nothing appears to have been done by plaintiff in reliance on such notice, save to attempt to insist upon his own construction of the agreement. It nowhere appears that if this notice had not been served plaintiff would have recognized the contract as providing for an option only, and abandoned further effort to enforce the contract under the construction which he placed upon it.

Whatever plaintiff may have done in attempting to effect a sale of the property to another purchaser, and on other terms, was plainly, in view of the correspondence between the parties, done in the hope of securing some advantage by way

of commission or otherwise in bringing about a sale which would be satisfactory to the defendants.   Such negotiations rather confirm than negative the construction of the contract insisted upon for defendants, under which the rights of plaintiff to exercise his option had fully terminated by expiration of time.

The suggestions already made practically dispose of the contention that appellees, having elected their remedy under the instrument, are foreclosed from now taking the inconsistent position that it provided only for an option, which had become forfeited when such election was made.   The case is not one involving election of remedies, but one involving the construction of the contract itself, and in view of this situation the doctrine as to election of remedies has no application.

The decree of the trial court was right; and it is therefore *Affirmed.*