E. H. LUIKART, RECEIVER, APPELLANT, V. ALFRED HOGANSON: P. J. EWALD ET AL., APPELLEES.

281 N. W. 27

FILED JULY 15, 1938. No. 30390.

*F. C. Radke* and *Howard L. Holtzendorff*, for appellant.

*Courtright, Sidner, Lee & Gunderson*, contra.

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and BLACKLEDGE, District Judge.

ROSE, J.

This action was commenced in the county court of Dodge county December 26, 1936, on a promissory note for $390, dated May 26, 1931, payable "on demand after date," with interest, to the Winslow State Bank. It was signed by Alfred Hoganson as maker and indorsed: "Ewald & Schwab, By P. J. Ewald."

The note, unpaid, fell into the hands of E. H. Luikart, receiver of the bank, plaintiff. Defendants are the maker and the indorsers. The latter were sued as P. J. Ewald and E. A. Schwab, doing business as Ewald & Schwab. They demurred to the petition on the ground that the action as to them was barred by the statute of limitations. Hoganson, the maker, permitted judgment against him by default for the full amount of the note and interest. The demurrer of the indorsers was sustained and the action as to them dismissed. Plaintiff appealed to the district court where a demurrer by the indorsers to an amended petition was sustained on the ground that, as to them, the action was barred by the statute of limitations. Plaintiff declined to plead further and the action was dismissed as to the indorsers. From the dismissal in the district court plaintiff appealed to the supreme court.

The original note with some immaterial matter deleted is in the following form:

"$390                    Winslow, Nebraska, May 26, 1931.

"On demand after date, for value received, I or we, jointly and severally, promise to pay to Winslow State Bank, of Winslow, Nebraska, or order, Three Hundred Ninety and oo/100 Dollars at Winslow State Bank, Winslow,

Nebraska, with interest at the rate of 8 per cent. per annum, payable annually, from date until due, and 10 per cent. from maturity until paid.

"The makers and indorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note, and all defenses on the ground of any renewal or extension of the time of its payment that may be given by the holder to them or either of them, and agree that if interest is not paid when same becomes due and payable, the principal debt and interest shall immediately become due and payable.

"Alfred Hoganson."

It was indorsed "Ewald & Schwab, By P. J. Ewald."

In the amended petition plaintiff pleaded another note in the same form for the same amount dated December 31, 1931, signed by the same maker, Alfred Hoganson, but not signed or indorsed by the indorsers of the former note or by either of them. In the petition it is alleged that plaintiff is the holder of both notes; that the maker paid the interest to December 31, 1931, and gave the renewal note to extend the time of payment; that plaintiff relied on the waiver in the first note and accepted the second in the belief it would not release indorsers but would keep the debt from outlawing for five years from its date, December 31, 1931; that the debt and interest are unpaid; that the indorsers are estopped to rely on the statute of limitations. In respect to the petition assailed by demurrer, plaintiff states his position as follows:

"The indorsers not only authorized the maker, but made him their agent, to contract with the payee for an extension of time or renewal and to bind them to such extension and renewal without their indorsement of the renewal. It made them parties to the entire transaction that the maker had with the bank with respect to the extension by renewal and thereby kept the original note alive."

It is argued that the statute of limitations did not begin to run from the date of the original note but only from the date of actual demand, since payment was to be made "on

demand after date" and interest was at the rate of 8 per cent. "annually, from date until due," and at 10 per cent. "from maturity until paid," and "the principal debt and interest" immediately "become due and payable" upon default in the payment of interest.

This position does not seem to be tenable. No one but payee or its successor in interest could make the demand. The barring of the action by the statute of limitations is the question presented. The waivers inserted in the first note do not authorize the payee to extend or waive the time for the barring of the statute as to indorsers. In that respect their obligation was limited to their indorsement on the first note. They did not make an attempt to stop the running of the statute against them or to authorize an extension having the same effect. Notwithstanding all the obligations of indorsers on the note, it shows on its face that plaintiff could have brought an action on it the day after it was executed and delivered—May 26, 1931. This action was brought more than five years thereafter—December 26, 1936. Indorsers themselves did nothing to delay demand or to prevent payee from bringing suit within five years from May 26, 1931. The indorsers had a right to assume demand would be made on them for performance of their obligations before they were outlawed. By their demurrer they pleaded the bar of the statute at the first opportunity without committing themselves beyond the terms of their original obligations. Diligence to prevent the bar of the statute was implied by the material interest of plaintiff.

It is well settled law here and elsewhere that the statute of limitations begins to run when a cause of action accrues. *Department of Banking v. McMullen,* 134 Neb. 338, 278 N. W. 551. See note in 44 A. L. R. 397. By failing to make a demand, payee in a note payable on demand cannot do away with the statute of limitations. The only allegation in the petition relating to a demand on the indorsers is that "plaintiff has on numerous occasions demanded payment from the defendants and each of them." For anything pleaded by plaintiff in the petition, all of these "numerous

occasions" may have occurred more than five years after the cause of action against the indorsers accrued.

In view of the conclusions reached, the demurrer to the petition was properly sustained and the action dismissed.

AFFIRMED.