J. H. MELVILLE LUMBER COMPANY, APPELLANT, v. LEON SCOTT, APPELLEE.

281 N. W. 803

FILED OCTOBER 21, 1938. No. 30413.

*Frank Kelly* and *J. Ernest Deming*, for appellant.

*Schaper & Runyan*, contra.

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, C. J.

Plaintiff sued defendant in the county court of Custer county June 16, 1937, on a 149-dollar promissory note dated March 17, 1932. Defendant assailed the petition by demurrer on the ground it showed on its face that the action was barred by the five-year statute of limitations. Comp. St. 1929, sec. 20-205. The demurrer was sustained. Plaintiff, payee named in the note, stood upon the petition and refused to plead further. The county court entered a dismissal which was reviewed in the district court and affirmed. From the affirmance, plaintiff appealed to the supreme court.

The note was payable "On demand, after date, * * * with interest." The petition contains the plea "That no demand was made for the payment of said note until June 11, 1936," a date less than five years from the commencement of the action, June 16, 1937. The position of plaintiff is that a cause of action on the note did not accrue prior to the demand and that therefore the petition shows on its face that the claim is not outlawed. This view of the law is at variance with the following rulings announced in a recent case:

"Payee in a note payable on demand after date with interest may bring an action thereon the date after the note is executed and delivered. * * *

"Ordinarily the statute of limitations begins to run when a cause of action accrues." *Luikart v. Hoganson, ante,* p. 280, 281 N. W. 27.

"By failing to make a demand, payee in a note payable on demand cannot do away with the statute of limitations." *Luikart v. Hoganson, ante,* p. 280, 281 N. W. 27.

AFFIRMED.