## BERGIN v. KIRON STATE BANK et al.

### No. 12853.

Circuit Court of Appeals, Eighth Circuit.

Oct. 18, 1944.

R. Brown, of Creston, Iowa (Thomas E. Mullin, of Creston, Iowa, on the brief), for appellant.

Charles M. Stilwill, of Sioux City, Iowa (Herbert M. Brackney, of Sioux City, Iowa, on the brief), for appellees.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment striking certain real estate from the schedules of the appellant in an action brought by him under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The judgment of the bankruptcy court was based upon its finding that the debtor, the appellant here, had no right, title, or interest in the real estate at the time his petition was filed.

The record discloses that on the 26th day of October, 1942, the appellant filed his petition and schedules in the bankruptcy proceeding, listing among his assets the real property in controversy, described as the southeast quarter of section 27, township 86 north, range 39 west, in Ida County, Iowa. The secured creditors listed by the appellant were the Federal Land Bank of Omaha, Nebraska, as the holder of the first mortgage on the real property; the Kiron State Bank of Kiron, Iowa, as the holder of certain notes of the debtor secured by a deed of the real estate in question executed by the debtor and delivered to the bank in March, 1937; and E. A. Norelius, trustee, as the owner of judgments against the debtor, to secure the payment of which the debtor claimed to have delivered to this creditor a promissory note payable to the debtor.

The petition was duly referred to a conciliation commissioner. At a hearing held by the commissioner the debtor submitted an offer of composition which was rejected by the Federal Land Bank of Omaha. The Kiron State Bank filed a denial that it was either a secured or an unsecured creditor and an application to strike its name as a creditor from the debtor's schedules. Clifford L. Larson filed in the proceeding his application to strike the real property from the schedules, alleging that at the time of the filing of the petition he was the owner of the real property described, as grantee of the Kiron State Bank. E. A. Norelius filed a claim against the debtor with an application to strike his name from the schedules as a secured creditor and to substitute his claim as a common creditor. All of the issues thus raised were heard by the commissioner, and the several motions of the parties mentioned above were sustained. Following these proceedings the debtor filed in the office of the conciliation commissioner an amended petition praying that he be adjudged a bankrupt in accordance with the provisions of section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s.

The debtor's petition for review was heard by the District Court on a transcript of the evidence, exhibits, and pleadings before the conciliation commissioner, together with his order and findings of fact, all parties appearing. The court found that on February 15, 1937, the debtor was the owner of the land in controversy, subject to an unpaid mortgage to the Federal Land Bank of Omaha, Nebraska,

in the sum of $8,868.81, and was also indebted to the Kiron State Bank in the principal sum of $8,000, represented by promissory notes secured by a chattel mortgage; and that on the date mentioned the debtor executed and delivered to the Kiron State Bank a warranty deed conveying the real property in controversy in full satisfaction of all his indebtedness to the bank, subject, however, to the lien of the mortgage held by the Federal Land Bank of Omaha. On the same date the Kiron State Bank leased the premises to the debtor for a term of three years, and gave to the debtor an option to purchase the premises leased at any time within the term of the lease on the payment of $10,000 in cash, plus any amount paid by the Kiron State Bank on the Federal Land Bank mortgage. The court also found that the debtor entered into possession of the farm premises as tenant of the Kiron State Bank and remained in possession until the 2d day of February, 1939. At that time the debtor had failed to pay the rent for the preceding year in accordance with the terms of the lease. The crops on the farm were unharvested in the fields, and the bank held a chattel mortgage executed by the debtor to secure indebtedness to the bank incurred by him after the settlement resulting in the execution of the deed to the bank. In this situation the bank brought suits against the debtor to foreclose its chattel mortgage and to foreclose its landlord's lien on the crops and property of the debtor. In these suits a receiver was appointed to take possession and gather the crops. The cases eventually ended in a written stipulation between the debtor and the Kiron State Bank that the amount of $1,614.69 in the hands of the officers of the court represented the net amount realized from the sale of the crops gathered, and that this sum should be paid to the bank in settlement of the amounts owing it by the debtor, all other property of the debtor released to him, and the suits dismissed with prejudice. The court also found that after the proceedings above set out the Kiron State Bank conveyed the real property in question to Clifford L. Larson, and at the time of the filing of the debtor's petition the title to the property was vested in Larson. The order of the conciliation commissioner was approved.

■ The District Court did not pass upon that part of the order of the conciliation commissioner striking E. A. Norelius, trustee, from the debtor's schedules as a secured creditor and substituting E. A. Norelius in person as a common creditor. Since this feature of the case has not been disposed of in the District Court, it is not before us for review.

We are asked to reverse the judgment of the District Court on the grounds that the conveyance by the debtor to the Kiron State Bank was not intended by the parties as a conveyance of the real property, but as a mortgage to secure the debtor's indebtedness to the bank; and that the option given by the bank to the debtor to purchase the property, within a time specified, upon the payment of a cash consideration, was not a mere option to purchase, but a contract for the sale of the land by the bank to the debtor, under which the debtor acquired rights which could not be terminated except upon notice to him as required by Iowa law. Appellant also asserts that Clifford L. Larson was not a purchaser without notice of the debtor's claims, and that the District Court erred in the taxation of costs.

■ A careful scrutiny of the record fails to disclose any evidence to support appellant's contentions with respect to the debtor's deed conveying the farm premises to the Kiron State Bank. The deed was executed and delivered five and one-half years before the filing of the debtor's petition in bankruptcy. During that time the debtor never asserted a claim of ownership or of interest in the land. The deed was supported by a valuable consideration, and nothing in the record affords the slightest basis for the contention that it was intended by the parties as mere security for amounts owing by the debtor to the bank. See Gompert v. Frost, 188 Iowa 1039, 177 N.W. 71; Hinman v. Sage, 208 Iowa 982, 221 N.W. 472; Low v. Young, Mullarky & Long, 158 Iowa 15, 138 N.W. 828.

Nor is there anything in the record to support appellant's contention that the option to purchase granted him by the bank was other than what it purported to be on its face. The evidence shows that this option expired before the bank conveyed to Larson, and that appellant never, before the expiration of the option, tendered to the bank the consideration required by its terms. Since it is clear that at the time of the bank's conveyance to Lar-

son the appellant had no valid claim or interest in the premises conveyed, it is unnecessary to consider the argument to the effect that Larson purchased with notice of the debtor's alleged claim of title. The argument with reference to the taxation of costs it without merit.

The debtor at the time of the filing of his petition had no title to the real property listed in his schedules. The judgment of the District Court was correct. West v. Manemann, 8 Cir., 144 F.2d 905.

The judgment of the District Court is affirmed.