BERTHA STEBENS, as executrix of estate of ERNEST H. STEBENS, deceased, appellant, v. R. V. WILKINSON, appellee.

No. 49320.

(Reported in 87 N.W.2d 16)

DECEMBER 17, 1957.

Breese & Cornwell, of Mason City, for appellant.

David J. Butler, of Mason City, for appellee.

WENNERSTRUM, J.—The plaintiff, Bertha Stebens, executrix of the estate of Ernest H. Stebens, deceased, brought an action against R. V. Wilkinson on March 18, 1957, to recover judgment on a promissory note, dated October 3, 1944, made payable to Ernest H. Stebens. The defendant filed a motion to dismiss wherein there was pleaded the statute of limitations. The trial court sustained the motion and plaintiff's petition was dismissed at her cost. She has appealed.

The essential portions of the note sued on, as pertains to this appeal, are as follows:

"Rock Falls, Iowa Oct. 3, 1944 $16193.40 Demand after date we, or either of us promise to pay to the order of Ernest Stebens ~~THE FARMERS SAVINGS BANK~~ Sixteen Thousand One Hundred Ninety-three - 40/ - - - DOLLARS At Farmers Savings Bank, Rock Falls, Iowa with interest at 4 per cent per annum from date payable semiannually.

"Interest unpaid shall bear interest at seven per cent payable semiannually. A failure to pay any of said interest within 10 days after due causes the whole note to become due and collectible at once. * * *

"(Signed) R. V. Wilkinson"

The motion to dismiss, rule 104(b) R.C.P., alleged the petition showed the plaintiff's action was barred by the statute of limitations. Section 614.1(6), 1954 Code. It was further alleged in the motion the note sued on showed it is a demand note in that it is dated October 3, 1944, and said date is more than ten years prior to the commencement of the action to recover judgment on the instrument. The court in its ruling held the note was a "demand" one and "that the cause of action arose on said note at the time it was delivered." Although the court's ruling did not definitely so state its holding naturally must have been based on the statute of limitations. This was the ground particularly urged in the defendant's motion. At any rate the trial court held the plaintiff's petition should be dismissed.

The plaintiff's grounds for reversal which are argued are: (1) The trial court erred in holding that the word "demand" in a note makes it payable at once on its execution regardless of other provisions of the note or other proof of intent of the parties, and that consequently the statute of limitations had run against the note; (2) the trial court erred in completely ignoring the acceleration clause in the note.

I. There can be no question but what the note sued on is a demand note despite the fact the words *"Demand after date"* are used rather than *"On demand after date."* (Emphasis supplied.) It is the plaintiff's contention the provisions of the note pertaining to interest make the note one where demand is permissive and inasmuch as no demand was made until a later date the statute of limitations did not commence to run from the date of the note. We shall discuss this phase of plaintiff's contentions in a later division.

In 54 C. J. S., Limitations of Actions, section 147(b), pages 80–82, it is stated: "* * * the law is well settled in most jurisdictions that a promissory note payable on demand with or without interest is· due immediately, and that the statute of limitations runs in favor of the maker from the date of the execution of the instrument or from the date or time of the delivery of the instrument; by failing to make a demand the payee cannot do away with the statute of limitations."

And in 34 Am. Jur., Limitation of Actions, section 147,

pages 118, 119, it is stated: "In the absence of anything in the instrument itself or in the circumstances under which it was given indicating a contrary intention, the statute of limitations begins to run against an ordinary promissory note payable on demand from the date of its execution, and not from the time of the demand."

■ The Iowa authorities and rule are to the effect a note payable on demand is payable upon the date of its execution, and is barred by the statute of limitations in ten years from its date. Citizens Bank v. Taylor, 201 Iowa 499, 501, 207 N.W. 570, and cases cited; In re Estate of Fuller, 228 Iowa 566, 569, 293 N.W. 55; Rohrig v. Whitney, 234 Iowa 435, 436, 12 N.W.2d 866.

■ II. We are presented with the question of the effect on a purported demand note where there is a provision for the payment of interest. And this inquiry is of particular import in that the note here under consideration provides, "* * * with interest at 4 per cent per annum from date payable semiannually. Interest unpaid shall bear interest at seven per cent payable semiannually. A failure to pay any of said interest within 10 days after due causes the whole note to become due and collectible at once. * * *." Does the inclusion of the provision quoted affect the demand feature of the note and require that some affirmative action relative to a demand be made in order to start the statute of limitations?

We find only one early Iowa case which has indirectly passed on this question. In First National Bank v. Price & Sanford (1879), 52 Iowa 570, 575, 3 N.W. 639, it is stated: "It is urged, however, that the fact that the draft is drawn with ten per cent interest after maturity shows that it was intended to have been presented for acceptance, and not at once for payment. In support of this position, 1 Parsons on Notes and Bills, page 379, is cited. The weight of authority does not support this position. See Parsons on Notes and Bills, page 379, note z."

And to the same effect are the statements found in 10 C. J. S., Bills and Notes, section 247, page 743, as follows: "Effect of provisions as to interest. Paper is none the less payable on demand because it contains a provision as to interest, as where it is payable 'on demand' with interest after a specified time, of 'after maturity', with interest 'annually', 'with interest within six

months from date', 'without interest', or 'without interest during the life of the promisor'." The case of First National Bank v. Price & Sanford, supra, is cited as an authority for this last quotation. And later in the above citation in 10 C. J. S., it is stated: "* * * The fact that notes indicating no time of payment are expressed to be payable with interest annually does not prevent them from being payable on demand."

It has been held the fact a demand note calls for the payment of interest does not change the rule that the statute of limitations begins to run against an ordinary promissory note payable on demand from the date of its execution and not from the time of the demand. Annotations, 44 A. L. R. 397, 399, 400. This is the holding in Roberts v. Snow, 27 Neb. 425, 429, 430, 43 N.W. 241, 242, which very aptly comments on a situation similar to the note in the present case. In the cited case it is stated:

"The rule seems to be that in cases of this kind the legal intendment, that the notes are payable upon demand, cannot be changed by parol proof any more than could the express terms of a written instrument be changed. See Thompson v. Ketcham, 8 Johns. 143, 146; Koehring v. Muemminghoff, 61 Mo. 403; Self v. King, 28 Tex. 552.

"But it may be contended that it is shown upon the face of the note itself that such was not the intention of the parties at the time of its execution, for it is provided that the interest shall be payable semiannually, and that the note shall become due and collectible on the expiration of thirty days after default of the payment of the interest; but this would make no difference as far as the note was concerned. As held in Jones v. Brown, supra, the fact that the parties provided for the payment of the interest in case the note should not be paid immediately, would not change the legal effect of the contract. Upon this subject see Loring v. Gurney, 5 Pick. 15; Meador v. Bank, 56 Ga. 605; Holmes v. West, 17 Cal. 623.

"Aside from what would seem a rather inflexible rule of law, as applied to instruments of the kind under consideration, a careful examination of the note in question satisfies us that no other construction can be given to its language.

"There is nothing upon the face of the instrument itself, nor

pleaded by the answer, nor submitted in the evidence of the case, which shows that any relation existed between the parties to the instrument by which it could be presumed or supposed that it was their purpose that the note should never mature. If it cannot be treated as a promissory note payable upon demand, then the only event which could occur by which the note could be made to mature, according to its own language, would be a default of thirty days in the payment of the semiannual interest; and if such default should never be made, the note would never mature, and therefore could never be collected except by the voluntary payment of the maker. This, evidently, was not the intention of the parties to the instrument."

Other later Nebraska cases holding to the same effect are: Luikart v. Hoganson, 135 Neb. 280, 281 N.W. 27, 28; Melville Lbr. Co. v. Scott, 135 Neb. 379, 281 N.W. 803, 804.

There are, however, authorities to the effect a provision for interest takes a demand note out of the general rule that the statute begins to run from the date of the note. Annotations, 44 A. L. R. 399, 400. This is likewise the holding in Shapleigh Hardware Co. v. Spiro, 141 Miss. 38, 106 So. 209, 44 A. L. R. 393, 396.

We are convinced the sounder rule is the one to the effect that even though a demand note provides for interest nevertheless the statute of limitations begins to run against an ordinary note payable on demand from the date of its execution, and not from the time of any demand. And we are particularly impressed with the fact this is true as pertains to the note here involved. It should be remembered the note herein questioned provides: "* * * A failure to pay any of said interest within 10 days after due causes the whole note to become due and collectible at once. * * *" If we are to consider this portion of the note as affecting the demand feature of the instrument we might have a situation, as was noted in Roberts v. Snow, supra, where the only event which would cause a maturity of the note would be a default for ten days in the payment of the semiannual interest. Such a situation was surely not anticipated by the parties. Neither can such an interpretation be approved. The plaintiff has cited Lovrien v. Oestrich, 214 Iowa 298, 299, 242 N.W. 57. It is her contention this case supports her theory of the pending case. The state-

ments in that opinion indicate the interest provisions are not the same as in the present case. However, there is a statement in that opinion which, although it may be dictum, has a bearing on the present case. It is therein stated: "A creditor may not by his own act or neglect delay or postpone the running of the statute." That would be the situation if the defendant had seen fit to pay the interest as it came due under the plaintiff's interpretation of the note.

Other cases which bear upon the question considered in this division are: Spragins v. McCaleb, 237 Ala. 658, 188 So. 251; Merrimack River Sav. Bk. v. Higgins, 89 N. H. 154, 195 A. 369; Todd v. Third Nat. Bk., 172 Tenn. 586, 113 S.W.2d 740.

■ III. The word "demand" is in writing and because of that fact the writing is of importance. If there is any variance or inconsistency between the written part and the printed part relative to the note being a demand note the written part controls. This is the holding of section 9477, 1939 Code, section 541.17, 1954 Code, which is as follows: "Construction. Where the language of the instrument is ambiguous, or there are omissions therein, the following rules of construction apply: * * * 4. Where there is conflict between the written and printed provisions of the instrument, the written provisions prevail." See also 5 Uniform Laws Annotated, Negotiable Instruments, section 17.

This section of the Uniform Negotiable Instrument Act was construed in Harlan v. First State Bank of Sterling City, Tex. Civ. App., 285 S.W. 694, where it was held even if printed words are left in, the written words will control where there is a conflict.

And a further statutory provision bearing on written or printed parts of an instrument is found in section 11274, 1939 Code (622.21, 1954 Code), which is as follows: "When an instrument consists partly of written and partly of printed form, the former controls the latter, if the two are inconsistent." This is likewise the holding in Low v. Young, Mullarky & Long, 158 Iowa 15, 17, 138 N.W. 828, and Urbany v. City of Carroll, 176 Iowa 217, 223, 157 N.W. 852.

■■ IV. It is the contention of the plaintiff that the trial court in ruling on the motion to dismiss should have given con-

sideration to an amendment to her petition wherein it was alleged the note sued on was executed, delivered and accepted with the intent and understanding it would not be then due and payable. This amendment naturally anticipates the consideration of the admissibility of parol evidence. We hold under the amended pleading such evidence, which would vary the terms of the note, would not be admissible. It is the general rule evidence of this nature is not admissible to vary, alter or contradict the terms of a written instrument in the absence of allegations in the pleadings of fraud, accident or mistake. Furleigh v. Dawson, 245 Iowa 359, 367, 62 N.W.2d 174, and cases cited. None of the circumstances which would vary the rule announced was pleaded and consequently parol evidence would not be admissible to vary and make the note payable other than as a demand note.

V.   By reason of our previous holdings we do not deem it necessary to comment on the claimed acceleration of payment portion of the note. Upon consideration of the several grounds for reversal and the authorities cited we hold the trial court properly sustained the defendant's motion to dismiss.—Affirmed.

HAYS, C. J., and BLISS, OLIVER, GARFIELD, SMITH, LARSON, and PETERSON, JJ., concur.

THOMPSON, J., dissents.

THOMPSON, J. (dissenting)—I am unable to agree with the conclusion reached by the majority. That an ordinary demand note is payable at once upon its execution so that the statute of limitations begins to run on that date is well settled. But I think the rule to be harsh and unrealistic, and that it should not be followed where there is a reasonable indication the parties did not intend it to apply.

It is not likely that in the great majority of cases the maker and payee of a demand note expect it will be paid at once, or that the holder will immediately commence a suit for its collection. Reason tells us that they had in mind that the maker would have some time in which to pay. Otherwise there would be small purpose in making the note. As the Maine Supreme Court put it: "It can hardly be supposed that this money was hired with the expectation on the part of anyone concerned that payment of the

note was to be immediately demanded or made * * *." Yates v. Goodwin, 96 Maine 90, 94, 51 A. 804, 806.

The majority opinion gives great weight to Roberts v. Snow, 27 Neb. 425, 43 N.W. 241, 242, and other Nebraska cases. These seem to me to be unduly concerned with the fear that if the statute does not commence to run as of the date of the note it may never be matured; that is, that the holder would have it entirely at his option whether to make a demand or permit the instrument to run unmatured forever. But we ourselves have held that the demand must be made in a reasonable time. Lovrien v. Oestrich, 214 Iowa 298, 299, 242 N.W. 57. See also Yates v. Goodwin, supra, and Andrews v. Andrews, 170 Minn. 175, 183, 212 N.W. 408, 410, 411, 51 A. L. R. 542.

I prefer the holding exemplified by Shapleigh Hardware Co. v. Spiro, 141 Miss. 38, 106 So. 209, 210, 211, 44 A. L. R. 393, to the effect that if the note, although payable on demand, fairly shows that the parties intended that an actual demand be made, the statute does not commence to run from the date of the note. For a discussion of the rule that the intent of the parties must be sought, and when found, be held controlling, see Andrews v. Andrews, supra, pages 183, 184 of 170 Minn., page 411 of 212 N.W.

I have indicated my belief that we should not follow the hard and fast rule which commences the running of the statutory period with the date of the note, if there is something contained in it which fairly shows a contrary intent of the parties; and that our examination should be tempered by the assurance that ordinarily the immediate payment of the note, or suit upon it, was not in the contemplation of either the maker or the payee. I find these things in the note before us which seem to me to show an intent that an actual demand be made. The language of the note is "Demand *after date* * * *." (Italics supplied.) These words themselves, taken at their face value, indicate a demand must be made after the date of the note; that is what it says. I am aware there are authorities which hold such language does not change the rule; but I think it does throw some light upon the intent of the parties.

Again, the note provides for interest at four per cent; the statutory rate in Iowa is five. If it was not contemplated that the

note would run for some time—that is, if the parties intended it should be due and payable on the date it was made—there seems no reason for inserting a provision for interest less than the percentage fixed by statute.

Finally there is the acceleration clause, which says: "A failure to pay any of said interest within 10 days after due causes the whole note to become due and collectible." If the note was due and collectible on the day it was made, the just-quoted clause becomes entirely meaningless. Yet it is a part of the contract the parties made. We should determine their intent from what they said; not merely a part of what they said, but all of it. The acceleration clause is entirely compatible with an intent that the note should be due only upon demand actually made; it is entirely incompatible with the majority holding that it was due and collectible instantly upon its making and delivery.

I would reverse.